IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Abingdon Division

JEFFREY NEAL, *et al.*,

    *Plaintiffs,*

v.                                                                    Civil Action No. 1:23-cv-00004

MICHAEL NEAL, *et al.*,

    *Defendants,*


                                                        JURY TRIAL DEMANDED

CYNTHIA ANNE NEAL, in her individual
capacity,

CYNTHIA ANNE NEAL, as Trustee of the
Cynthia Anne Neal Revocable Trust dated
December 28, 1994, and

CYNTHIA ANNE NEAL, as a beneficiary of the
Irrevocable Trust Agreement of Roger D. Neal
and Linda Gardner Neal dated December 30,
1992, the Irrevocable Neal Children Trust
dated December 29, 1977, Neal Family
Irrevocable Trust 1,2,3 dated June 29, 2000,
318 Valley Street NW Land Trust, and other
family-owned entities and/or family trusts,

    *Counterclaim Plaintiffs,*

v.

JEFFREY G. NEAL, in his individual capacity,

JEFFREY G. NEAL, as Trustee of the Neal
Family Irrevocable Trust 1,2,3 dated June 29,
2000, 318 Valley Street NW Land Trust, and

ABINGDON EAR, NOSE & THROAT, P.C.,

    *Counterclaim Defendants,*

CYNTHIA ANNE NEAL, in her individual
capacity,

CYNTHIA ANNE NEAL, as Trustee of the
Cynthia Anne Neal Revocable Trust dated
December 28, 1994, and

CYNTHIA ANNE NEAL, as a beneficiary of the
Irrevocable Trust Agreement of Roger D. Neal
and Linda Gardner Neal dated December 30,
1992, the Irrevocable Neal Children Trust
dated December 29, 1977, Neal Family
Irrevocable Trust 1,2,3 dated June 29, 2000,
318 Valley Street NW Land Trust, and other
family-owned entities and/or family trusts

     *Counterclaim Plaintiffs,*

v.

MICHAEL C. NEAL, in his individual capacity,

MICHAEL C. NEAL, as trustee of Cynthia
Anne Neal Revocable Trust, Neal Children
Revocable Trust, Neal Family Irrevocable Trust
1,2,3 dated June 29, 2000, Roger Neal Family
Irrevocable Trust, Roger D. Neal Revocable
Trust Agreement, and Charlottesville Real
Estate and Land Trust Agreement.

     *Crossclaim Defendants.*

## AMENDED ANSWER, COUNTERCLAIMS AND CROSSCLAIMS

## ANSWER

Defendant Cynthia Anne Neal answers the Plaintiffs' Complaint as follows:

1.     Admitted.

2.     Admitted.

3.     Cynthia Neal admits the allegation that some of the properties

described in Paragraph 3 are currently held by the trustees of the three children's

trusts as tenants in common, or by the three children through an LLC, or otherwise.

It is also admitted that some of the properties have been sold. To the extent the paragraph contains a statement and/or conclusion of law, a response is not required. Cynthia Neal does not have sufficient knowledge or information to form a belief as to the truth of every remaining allegation contained in paragraph 3 and therefore denies them.

4.    The deeds and agreements regarding 176 Valley Street NW are in writing and best evidence of their content, and best evidence of the ownership of that property (a copy of the deed is attached as **Exhibit 12**).  Except as expressly admitted, denied.

5.    The deeds and agreements regarding 170 West Valley Street NW are in writing and best evidence of their content, and best evidence of the ownership of that property.  (a copy of the deed is attached as **Exhibit 12**).  Except as expressly admitted, denied.

6.    Admitted.

7.    To the extent Paragraph 7 contains a statement and/or conclusion of law rather than fact, no response is required.  Cynthia Neal does not have sufficient knowledge or information to form a belief as to the truth of every remaining allegation contained in Paragraph 7 and therefore denies them.

8.    Admitted.

9.    Admitted.

10.   Admitted.

11.   Admitted.

12.    Admitted.

13.    The allegations of Paragraph 13 are not directed to Cynthia Neal, and therefore no response is required. In addition, the paragraph seems to concern alleged harms against Linda Neal, who is not a party to this action, and Plaintiffs do not have standing to bring claims on her behalf. To the extent that a response is deemed necessary, Cynthia Neal lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 13, and they are therefore denied.

14.    Admitted.

15.    The allegations of Paragraph 15 are not directed to Cynthia Neal, and therefore no response is required. To the extent that a response is deemed necessary, Cynthia Neal lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 15, and they are therefore denied.

16.    The allegations of Paragraph 16 are not directed to Cynthia Neal, and therefore no response is required. In addition, the paragraph seems to concern alleged harms against Linda Neal, who is not a party to this action, and Plaintiffs do not have standing to bring claims on her behalf. To the extent that a response is deemed necessary, Cynthia Neal lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 16, and they are therefore denied.

17.    The allegations of Paragraph 17 are not directed to Cynthia Neal, and therefore no response is required. To the extent that a response is deemed necessary, Cynthia Neal lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 17, and they are therefore denied.

18.    The allegations of Paragraph 18 are not directed to Cynthia Neal, and therefore no response is required. To the extent that a response is deemed necessary, Cynthia Neal lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 18, and they are therefore denied.

19.    The allegations of Paragraph 19 are not directed to Cynthia Neal, and therefore no response is required. To the extent that a response is deemed necessary, Cynthia Neal lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 19, and they are therefore denied.

20.    The allegations of Paragraph 20 are not directed to Cynthia Neal, and therefore no response is required. In addition, the paragraph seems to concern alleged harms against Linda Neal, who is not a party to this action, and Plaintiffs do not have standing to bring claims on her behalf. To the extent that a response is deemed necessary, Cynthia Neal lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 20, and they are therefore denied.

21.    The allegations of Paragraph 21 are not directed to Cynthia Neal, and therefore no response is required. In addition, the paragraph seems to concern alleged harms against Linda Neal, who is not a party to this action, and Plaintiffs do not have standing to bring claims on her behalf. To the extent that a response is deemed necessary, Cynthia Neal lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 21, and they are therefore denied.

22.    Cynthia Neal admits as Trustee of the Roger Neal Family Irrevocable Trust dated January 9, 2001, Michael C. Neal holds a life insurance policy No.

0028161080, issued by Jackson National Life Insurance Company, insuring the life of Tim Shumate. Cynthia Neal also admits that the policy is believed to be in the amount of $1,000,000.00 and the beneficiaries of the policy in the event of his death are the wife and children of Roger D. Neal. Cynthia Neal does not have sufficient knowledge or information to form a belief as to the truth of every remaining allegation contained in paragraph 22 and therefore denies them.

23.    The allegations of Paragraph 23 are not directed to Cynthia Neal, and therefore no response is required. In addition, the paragraph seems to concern alleged harms against Linda Neal, who is not a party to this action, and Plaintiffs do not have standing to bring claims on her behalf. To the extent that a response is deemed necessary, Cynthia Neal lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 23, and they are therefore denied.

24.    Denied.

25.    The allegations of Paragraph 25 are not directed to Cynthia Neal, and therefore no response is required. In addition, the paragraph seems to concern alleged harms against Linda Neal, who is not a party to this action, and Plaintiffs do not have standing to bring claims on her behalf. To the extent that a response is deemed necessary, Cynthia Neal lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 25, and they are therefore denied.

26.    Cynthia Neal admits that family members have charged each other 10% compounded annually in accordance with Neal family practices. However, to the extent Paragraph 26 incorporates and relies on Paragraph 25, Cynthia Neal

lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

28. To the extent Paragraph 27 incorporates and relies on Paragraphs 25 and 26, Cynthia Neal lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

28. To the extent Paragraph 28 contains a statement and/or conclusion of law, no response is required. All other allegations in Paragraph 28 are denied.

29. The allegations of Paragraph 29 are not directed to Cynthia Neal, and therefore no response is required. To the extent that a response is deemed necessary, Cynthia Neal lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 29, and they are therefore denied.

30. The allegations of Paragraph 30 are not directed to Cynthia Neal, and therefore no response is required. To the extent that a response is deemed necessary, Cynthia Neal lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 30, and they are therefore denied.

31. The allegations of Paragraph 31 are not directed to Cynthia Neal, and therefore no response is required. To the extent that a response is deemed necessary, Cynthia Neal lacks knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 31, and they are therefore denied.

32. Cynthia Neal admits that Michael C. Neal is the owner of a one-third membership in CMJ North Carolina, LLC, a North Carolina Limited Liability Company, that owns six valuable properties in the City of Charlottesville, Virginia.

To the extent paragraph 32 contains a statement and/or conclusion of law, no response is required. To the extent Plaintiffs' request for a constructive trust is allowed, Cynthia Neal seeks that trust also be held for her benefit. All other allegations in Paragraph 32 are denied.

33.    Cynthia Neal admits Michael C. Neal and/or the Michael Christopher Neal Revocable Trust dated December 29, 1994, is the owner of an undivided interest in the property described in Paragraph 3 above. To the extent Paragraph 33 contains a statement and/or conclusion of law, no response is required. To the extent Plaintiffs' request for a constructive trust is allowed, Cynthia Neal seeks that trust also be held for her benefit. All other allegations in Paragraph 32 are denied.

34.    The Irrevocable Trust Agreement dated December 30, 1992, in which all three Children are equal beneficiaries, is the owner of the property described in Paragraph 4 above as tenants in common with Abingdon Ear Nose and Throat, P.C (a copy of the deed is attached as **Exhibit 12**). To the extent Paragraph 34 contains a statement and/or conclusion of law, no response is required. To the extent Plaintiffs' request for a constructive trust is allowed, Cynthia Neal seeks that trust also be held for her benefit. All other allegations in Paragraph 34 are denied.

35.    The Cynthia Anne Neal Revocable Trust Agreement, the Michael Christopher Neal Revocable Trust Agreement, and the Jeffrey Gardner Neal Revocable Trust Agreement each own an interest in the property described in Paragraph 5 above as tenants in common with Abingdon Ear Nose and Throat, P.C (a copy of the deed is attached as **Exhibit 12**). To the extent Paragraph 35 contains

a statement and/or conclusion of law, no response is required. To the extent Plaintiffs are granted a constructive trust for any property mentioned in Plaintiffs' complaint, Cynthia Neal seeks that trust also be held for her benefit. All other allegations in Paragraph 35 are denied.

36.    Cynthia Neal admits during the spring and summer of 2022, certain properties owned jointly by the three children's trust described above were sold at Jeffrey Neal's and Michael Neal's direction, and that Jeffrey Neal and Michael Neal directed that the proceeds be paid to her.  Jeffrey Neal coordinated the sale and has the records related to the sale.  The allegation that the payment to Cynthia Neal "exceeded her legal share" is disingenuous at best, fraudulent at worst. Cynthia Neal denies the remaining allegations in Paragraph 36.

37.    Paragraph 37 does not state a legal basis for the request for accounting, and it is therefore denied.

38.    To the extent Paragraph 38 seeks a remedy provided under law, no response is required. All other allegations in Paragraph 38 are denied.

39.    To the extent Paragraph 39 seeks a remedy provided under law, no response is required. All other allegations in Paragraph 39 are denied.

**GENERAL DENIAL**

40.    Any allegations not specifically admitted are denied.

**AFFIRMATIVE DEFENSES**

41.    Plaintiffs' claims are barred by the doctrine of unclean hands.

42.    Plaintiffs' claims are barred by the doctrine of estoppel.

9

43.     Plaintiffs' claims are barred by his failure to act in good faith.

44.     Plaintiffs have failed to state a claim against Cynthia Neal for which
relief may be granted.

45.     Plaintiffs' claims are barred by the applicable statute of limitations.

46.     Plaintiffs' claims are barred by the doctrine of waiver.

47.     Some or all of Plaintiffs' claims are barred by Plaintiffs' lack of
standing.

48.     Plaintiffs' claims are barred by failure to name all necessary and
indispensable parties, in particular Linda G. Neal.

49.     Plaintiffs' claims, if successful, are subject to offset by the expenses,
including mortgage payments paid by Cynthia Neal, and to be incurred in the
future, in connection to properties held in family trusts.

50.     Cynthia Neal reserves the right to amend and/or assert additional
Answers, Defenses and/or Counterclaims at a later date.

## **COUNTERCLAIMS AND CROSSCLAIMS**

Defendant Cynthia Neal in her individual capacity, as Trustee and
beneficiary of the Cynthia Anne Neal Revocable Trust dated December 28, 1994,
and as a beneficiary of the Neal Children's Irrevocable Trust dated December 30,
1992, the Irrevocable Neal Children Trust dated December 29, 1977, Neal Family
Irrevocable Trust 1,2,3 dated June 29, 2000, 318 Valley Street NW Land Trust, and
other family-owned entities and/or family trusts identified in paragraphs 60-61
hereby brings this Amended Counterclaim Complaint against Jeffrey G. Neal in his

10

individual capacity and as Trustee of the Neal Family Irrevocable Trust 1,2,3 dated June 29, 2000, 318 Valley Street NW Land Trust, and other family-owned entities and/or trusts identified in paragraphs 12-16, and 60-61 (hereinafter referred to as collectively as the "Family Trusts"), and Abingdon Ear, Nose & Throat, P.C. as well as her Crossclaims against Michael C. Neal in his individual capacity and as Trustee of Cynthia Anne Neal Revocable Trust, the Neal Children Irrevocable Trust Agreement, Neal Family Irrevocable Trust 1,2,3 dated June 29, 2000, Roger Neal Family Irrevocable Trust, Roger D. Neal Revocable Trust Agreement, and other family-owned entities and/or trusts identified in paragraphs 12-16, and 60-61 as follows:

## SUMMARY

1.     Cynthia, Jeffrey, and Michael Neal are the three children of Roger Neal and Linda Gardner Neal.  Roger died in 2011, leaving a network of trusts which own dozens of properties as identified in paragraphs 12-16 below.  For the past decade, both Michael and Jeffrey have mismanaged those properties, and both of them have harmed their sister Cynthia by their self-dealing.  There is a key difference between them, though.  While Michael admits his wrongdoing, Jeffrey defiantly does not.  He has misappropriated funds for his own use, been responsible for the diversion of hundreds of thousands of dollars in rents, and after declaring that he was taking control of the family properties has blatantly mismanaged both the properties and the rents from them.  He has deliberately and deceptively claimed ownership of assets that belong to his siblings. He has been unable to

11

account for hundreds of thousands of dollars' worth of precious metals belonging to his mother and his siblings.  It is essential that the personal property be accounted for and recovered, and that the real property be properly managed, with full transparency, by an independent fiduciary.  It is also essential that Jeffrey be held accountable for those harms he has caused.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1).

3.     Jurisdiction and Venue are proper because Counterclaim Defendants have already submitted to the jurisdiction of this Court by initiating this action.

4.     Crossclaim Defendant Michael C. Neal is a resident of Michigan, and the Court has jurisdiction over him because of his ownership interests in the properties at issue in this case.

## FACTS

5.     Cynthia, Jeffrey, and Michael Neal (collectively referred to as the "Children") are the only living children of Roger Neal and Linda Gardner.

6.     Roger Neal established a network of trusts in order to pass on his estate to their Children, including revocable trusts, irrevocable trusts, and land trusts, as identified in paragraphs 12-16 and 60-61, which were specifically designed to acquire, hold, and manage real property for the benefit of the Children. These trusts are collectively referred to as the "Family Trusts."

7.     The Family Trusts and entities were established for the benefit of the Children equally and represent a significant amount of assets, including several real properties, which are identified in paragraphs 12-16 below, and trust bank accounts that hold the income and pay the expenses of the properties owned by the associated trust or entity.

8.     Roger Neal died on February 6, 2011.

9.     While some of the trusts are the subject of the principal Complaint, there are several other trusts and entities, including those identified in paragraphs 12-16, 60, and 61, that benefit the Children which are not, and the Complaint only deals with the disposition of a fraction of the properties owned by the Family Trusts.

10.    Plaintiffs' Complaint raises concerns about the ability of Michael Neal to continue as trustee of some of the Family Trusts.

11.    But Jeffrey Neal has demonstrated, through actions described in other lawsuits and in this Counterclaim, that he is likewise not qualified to serve as trustee.

### *The Family Trusts and Entities*

12.    CMJ North Carolina LLC ("CMJ") is a North Carolina limited liability company. Michael Neal is the manager and Cynthia Neal, Jeffrey Neal, and Michael Neal are equal members.  CMJ owns the following properties:

   a.  2201 Stadium Rd., Charlottesville, VA (a copy of the deed is attached as **Exhibit 3)**;

13

    b.   2320 Stadium Rd., Charlottesville, VA (a copy of the deed is attached as **Exhibit 11)**;

    c.   133 Piedmont Ave. N, Charlottesville, VA (a copy of the deed is attached as **Exhibit 2)**;

    d.   128 Piedmont Ave. N, Charlottesville, VA (a copy of the deed is attached as **Exhibit 1)**;

    e.   2321 Price Ave., Charlottesville, VA (a copy of the deed is attached as **Exhibit 4)**;

    f.   2203 Stadium Rd., Charlottesville, VA (a copy of the deed is attached as **Exhibit 1)**;

13.    The 318 Valley Street NW Land Trust has Cynthia Anne Neal Revocable Trust, Michael Christopher Neal Revocable Trust, and Jeffrey Gardner Neal Revocable Trust (the "Children's Trusts") as beneficiaries and Jeffrey Neal as trustee.  The Land Trust owns 318 Valley Street NW, Abingdon, VA (a copy of the deed is attached as **Exhibit 5**).

14.    Midwest Resources LLC is a Wyoming Limited Liability Company. Upon information and belief, the Children's Trusts have one third interests in the limited liability company and Jeffrey Neal is the manager.  Midwest Resources LLC owns 445 Valley Street NW, Abingdon, VA.  A copy of the deed is attached as **Exhibit 6.**

15.    In addition, the Children have a one third direct or beneficial interest in the following properties, some of which are also listed in the Complaint:

14

a.      423 E Main St, Abingdon, VA;

b.      403 Oakland St., Abingdon, VA (a copy of the deed is attached as **Exhibit 7**);

c.      Vacant Lot at White's Mill & Valley, Abingdon, VA   (a copy of the deed is attached as **Exhibit 7**);

d.      Wiles Hotel Property, Abingdon, VA (commonly referred to as "the Front Street Lot") (a copy of the deed is attached as **Exhibit 7**);

e.      RT 58 Acreage, Washington County, VA  (a copy of the deed is attached as **Exhibit 7**;

f.      Neal Garage Lot, Abingdon, VA;

g.      Lot beside Deadmore St, Abingdon, VA, (a copy of the deed is attached as **Exhibit 7**);

h.      650 W. Main St., Abingdon, VA  (a copy of the deed is attached as **Exhibit 8**);

i.      407 E. Main St., Abingdon, VA (a copy of the deed is attached as **Exhibit 9**);

j.      Altamont Property, Main Street Abingdon, VA;

k.      Mendota Acreage, Washington County, CA  (a copy of the deed is attached as **Exhibit 10**);

l.      661 East Main Street, Abingdon, VA  (a copy of the deed is attached as **Exhibit 8**); and

m.     Various other properties and assets held in the Family Trusts or

otherwise titled or possessed that may be discovered upon further

information.

16.     The Neal Children's Irrevocable Trust Agreement dated December 30,

1992, in which Cynthia Neal is a beneficiary, owns a ½ interest in the properties at

170 and 176 Valley Street NW, Abingdon, VA.

### *Mismanagement of Real Property*

17.     The properties listed in Paragraph 3 of the Complaint that have not

been transferred or sold, and the properties listed in this Counterclaim and

Crossclaim in Paragraphs 12-16 are collectively referred to as the "Family

Properties."

18.     The trusts and LLCs that own the Family Properties as identified in

paragraphs 12-16 have either Michael Neal or Jeffrey Neal as trustees and

managers.

19.     In the years since Roger Neal's death, the Family Properties have not

been managed effectively.

20.     Upon information and belief, until approximately 2020, the

management of the Family Properties had been the responsibility of Michael Neal.

21.     In or about 2020, Jeffrey Neal accused Michael Neal of misconduct and

mismanagement and hired a forensic accountant to detail Michael Neal's

misappropriations of funds.

22.     Michael Neal has admitted wrongdoing and acknowledges at least some of the improper transactions identified.

23.     Jeffrey Neal demanded that Michael give him all management and accounting responsibilities for the Family Properties.

24.     In or about 2020 Jeffrey Neal hired an accountant, Victor Ricslit, and took responsibility for the collection of rents and payments of expenses and the supervision of Victor Ricslit's services.

25.     Under Victor Ricslit's supervision the Family Trusts suffered several overdraft penalties and late fees due to improper management of funds and accounts. There is no property manager over the Family Properties, and, upon information and belief, some are in various states of disrepair.

26.     Several of the Family Properties are commercial or residential rental properties that do not have tenants.

27.     Many of the Family Properties that do have tenants do not have written leases.

28.     The lack of professional and competent management of the properties and the finances has harmed Cynthia Neal, who has been forced to contribute her own funds to prop up the mismanaged properties, which will require professional management to be profitable.

### *Sale of Properties*

29.    In spring and summer of 2022, Cynthia pressed for the liquidation of family properties to cover ongoing expenses and allow for distribution to the Children.  Jeffrey Neal refused to consent to the liquidation.

30.    Instead, Jeffrey Neal proposed that five properties should be liquidated, and the proceeds paid to Cynthia since both he and Michael had already obtained some of their inheritance from previously refinanced or liquidated properties.

31.    Jeffrey Neal and Michael Neal arranged and conducted the sale and provided Cynthia Neal with proceeds of sales totaling $624,024.08.  They did not provide an accounting.

32.    To the extent that Jeffrey Neal is now attempting to allege that the funds he paid to Cynthia "exceeded her legal share" and intends to use that allegation to his benefit, his conduct is fraudulent.

### *Misappropriation of Interest in 170 and 176 Valley Street NW*

33.    Abingdon ENT operates out of the building at 176 Valley Street NW in Abingdon, VA.

34.    James Meron Wade (hereinafter Dr Wade) was Roger Neal's partner in the practice when Roger Neal was alive, and the two doctors each owned one-half of 170 Valley Street NW and 176 Valley Street NW, either individually or through trusts of which they were the trustees.

18

35.    On or about December 10, 2019, Dr. Wade, as trustee of the James Meron Wade Revocable Living Trust dated October 2, 2015, deeded his one-half interest to Abingdon ENT.

36.    At or around the time of the transaction, Jeffrey Neal falsely represented to Cynthia Neal and Michael Neal that the Neal Children's Irrevocable Trust was buying Dr. Wade's interest in half of the building to facilitate a sale to Dr Matthew Hubbard, another physician in the practice, in the near future.

37.    Instead, upon information and belief Jeffrey Neal misappropriated funds which belonged to his siblings to fraudulently purchase the practice in the name of Abingdon ENT.

### *Years of Unpaid Rent from Abingdon ENT*

38.    Prior to 2019, the properties at 170 Valley Street, Abingdon VA and 176 Valley Street, Abingdon VA were owned half by Dr. Wade through a trust and half by the Children through trusts.

39.    The commercial building in downtown Abingdon, VA, is occupied by Abingdon ENT, and Abingdon ENT has agreed to pay market rent of $14,050 for the use of the space.

40.    $7,025 of that rent was paid to Dr. Wade, and $7,025 was paid to Roger Neal, and after his death to the three Children's Trusts.

41.    Beginning February 2020, Abingdon ENT stopped paying rent.

42.     Upon information and belief, Abingdon ENT stopped paying rent at the direction of Jeffrey Neal, who instead used the funds to perpetrate a scam involving the purchase of Colorado property that has given rise to a second lawsuit.

43.     As described above, Jeffrey Neal attempted to misappropriate one-half interest in the property, and as a result Cynthia Neal is entitled to one-third of the rents that are owed.

44.     The past due rent from February 2020 through April 2023 (date of filing this Counterclaim) totals $470,900, of which Cynthia Neal is entitled to one third, or $156,996.67.

### *Jeffrey Neal Diverts Family Money for His Own Use*

45.     Cynthia Neal has filed suit in Colorado against Plaintiff/Counterclaim Defendant Jeffrey Neal regarding his misappropriation of an $8 million home in Colorado (the "Colorado Property") – a property that was supposed to be purchased in a Virginia land trust for the benefit of the Children.  That Complaint alleges that Jeffrey Neal defrauded his siblings by deceiving them into believing that he was following through with the trust agreement, when instead he bought the property in the name of an LLC in which he has an exclusive interest.[1]

46.     While the Colorado case addresses some of Jeffrey Neal's fraud, it does not address all of that fraud. The Neal Children's Irrevocable Trust dated December 30, 1992, the 318 Valley St NW Land Trust, and the properties owned by these entities, were used to fund that purchase and give rise to separate claims.

---

[1] The case is in the U.S. Court for the District of Colorado, Neal v. Neal, Case No. 1:22-cv-03254-DDD-MEH.

47.    On December 11, 2019, Jeffrey Neal and Michael Neal executed a loan agreement with the New Peoples Bank on behalf of Abingdon ENT and the Neal Children's Irrevocable Trust for $1,091,476.40.

48.    Jeffrey Neal used a portion of the proceeds as part of the funds to purchase the Colorado property.

49.    Since the sale, Jeffrey Neal has failed to transfer the beneficial interest in the Colorado Property to Cynthia Neal or Michael Neal, either through the Trust Agreement or via the LLC.

50.    On June 8, 2020, acting as trustee of the 318 Valley St. Land Trust, Jeffrey Neal took out a loan for $389,084.61 secured against the property held by said trust. Upon information and belief, Jeffrey Neal used these funds to repay individuals who loaned Jeffrey Neal personal assets to purchase the Colorado Property.

51.    All three Children are equal beneficiaries under both trusts.

52.    Although the Colorado lawsuit addresses the purchase of the property, it does not bring a claim for the fraud Jeffrey Neal perpetrated as trustee, which gives rise to the separate claims brought here.

### *Conversion of Gold and Other Property*

53.    Upon information and belief Jeffrey Neal has deliberately and deceptively claimed ownership of assets – identified in paragraphs 54 and 55 that equally belong to his mother and his siblings. Upon information and belief, at the time of his death Roger Neal owned over a million dollars combined in gold and

silver. This was stored in his home safe at 445 E. Valley Street and in a safe at the
offices of Abingdon ENT.

54.    Jeffrey moved the entirety of the gold into his own personal safe at the
offices of Abingdon ENT. Despite multiple demands for an accounting and return of
the gold, Jeffrey has refused to return or disclose the disposition of the precious
metals.

55.    As an heir of Roger Neal, Cynthia Neal has an interest in that gold,
which she had been deprived of.

56.    Upon information and belief, Jeffrey Neal has had access to or is in
possession of various other assets that had belonged to Roger Neal at the time of his
death and in which Cynthia Neal has an interest.

## FIRST COUNTERCLAIM AND CROSSCLAIM
### (Removal of Trustees)

57.    Cynthia Neal incorporates all preceding paragraphs by reference.

58.    Under Va. Code § 64.2-759 a beneficiary may petition the Court to
remove a trustee.

59.    The Court may remove a trustee if: (1) The trustee has committed a
serious breach of trust; (2)  Lack of cooperation among co-trustees substantially
impairs the administration of the trust; (3) Because of unfitness, unwillingness, or
persistent failure of the trustee to administer the trust effectively, the court
determines that removal of the trustee best serves the interests of the beneficiaries;
or (4) There has been a substantial change of circumstances or removal is requested
by all of the qualified beneficiaries, the court finds that removal of the trustee best

serves the interests of all of the beneficiaries and is not inconsistent with a material

purpose of the trust, and a suitable co-trustee or successor trustee is available.

60.    Jeffrey Neal is a trustee of:

    a.    Neal Family Irrevocable Trust 1,2,3 dated June 29, 2000;

    b.    318 Valley Street NW Land Trust;

61.    Michael Neal is a trustee of:

    a.    Cynthia Anne Neal Revocable Trust;

    b.    Neal Children Irrevocable Trust;

    c.    Neal Family Irrevocable Trust 1,2,3 dated June 29, 2000;

    d.    Roger Neal Family Irrevocable Trust

    e.    Roger D. Neal Revocable Trust Agreement;

    f.    Charlottesville Real Estate and Land Trust Agreement.

62.    Cynthia Neal, either individually or through the Cynthia Anne Neal

Revocable Trust is a beneficiary of these trusts.

63.    As is described in the Complaint and this Counterclaim and

Crossclaim, all four of the conditions for removal of trustee are met here, and

therefore Jeffrey Neal and Michael Neal should be removed as trustees of the

Family Trusts.

64.    Pursuant to Va. Code § 64.2-795, Cynthia Neal asks that the Court

award her reasonable attorneys' fees, costs and expenses from Jeffrey Neal and/or

Michael Neal.

## SECOND COUNTERCLAIM AND CROSSCLAIM
### (Appointment of Special Fiduciary or Receiver)

23

65.    Cynthia Neal incorporates all preceding paragraphs by reference.

66.    Pursuant to Va. Code § 64.2-759(C), pending a final decision on the request to remove the trustees, or in addition to removing the trustees, Cynthia Neal asks that the Court appoint a special fiduciary to take possession of the trust property and administer the trusts.

67.    Because some of the property at issue is not owned by a trust but is owned by CMJ or Midwest, alternatively, pursuant to Va. Code § 8.01-591 Cynthia Neal asks that the Court appoint a special receiver whose duty is to administer the properties owned by the trusts, CMJ, and Midwest whose duties will be those of a special fiduciary.

68.    Cynthia Neal asks that the special fiduciary and/or special receiver receive rents from the Properties and ensure that the Properties are effectively managed.

69.    Cynthia Neal also asks that the receiver or special fiduciary have the authority to sell any of the Properties, subject to further order of the Court.

## THIRD COUNTERCLAIM
### (Against Jeffrey Neal - Fraud)

70.    Cynthia Neal incorporates all preceding paragraphs by reference.

71.    Throughout email correspondence and verbal conversations in December 2019, Jeffrey Neal made false representations that he would leverage the assets in the Family Trusts to purchase the Colorado Property in a manner that would reflect joint ownership between the Children.

24

72.    In an email sent on December 16, 2019, at 7:30 PM, Jeffrey Neal stated that if he bought the Colorado Property in his own name, he would then quitclaim the property to the Aspen Love Story Land Trust. In an email sent on January 24, 2020, at 9:50 PM, Jeffrey Neal stated that he was working on getting the other beneficiaries of the Aspen Love Story Land Trust added to the Aspen Love Story LLC to reflect the parties' joint ownership of the Colorado Property. However, these representations were false because Jeffrey Neal purchased the Colorado Property solely as Jeffrey Neal's interest, failed to transfer the property to the trust, and failed to add Cynthia Neal as a member to the LLC.

73.    Jeffrey Neal made a false representation that Dr. Wade was selling his interest in 170 West Valley Street NW and 176 West Valley Street NW to the Neal Children's Irrevocable Trust with the intent of selling that interest to his new partner, Dr. Hubbard when Jeffrey Neal instead intended to use family money to purchase Dr. Wade's interest in the name of Abingdon ENT so that he could exert ownership and control of it. Jeffrey Neal also used some of the funds from this loan to purchase the Colorado Property.

74.    A reasonable person would find these misrepresentations material.

75.    Jeffrey Neal made these misrepresentations intentionally and knowingly and the representations were knowingly false when made.

76.    Jeffrey Neal made these misrepresentations with the intention to mislead Cynthia Neal to induce her to agree to leverage jointly held assets to

purchase the Colorado Property and to not intervene in the purchase of Dr. Wade's
interest.

77.    A reasonable person would have relied on the representations of
Jeffrey Neal because he was acting in a fiduciary capacity as trustee of the family
trusts identified in paragraph 60, some of which were being leveraged in this
transaction.

78.    Cynthia Neal has been injured by Jeffrey Neal's fraud in an amount to
be proved at trial.

**FOURTH COUNTERCLAIM**
**(Jeffrey Neal - Breach of Fiduciary Duty)**

79.    Cynthia Neal incorporates all preceding paragraphs by reference.

80.    A fiduciary duty existed between Jeffrey Neal and Cynthia Neal based
on Jeffrey Neal's role as trustee of the Family Trusts and his role in the
management of the Family Properties, and because he held a position of trust and
confidence and administered control over funds and properties in which Cynthia
Neal held an interest.

81.    Jeffrey Neal breached his fiduciary duty when he engaged in self-
dealing as trustee and manager by leveraging assets to his personal benefit, and by
other actions described in this Counterclaim, and which may be further discovered.

82.    Jeffrey Neal also breached his fiduciary duty when he engaged in self-
dealing as the trustee of the Family Trusts by withholding rent owed to the Family
Trusts and/or the Cynthia Neal Revocable Trust dated December 28, 1994, and

misappropriated those proceeds to make mortgage payments on a property he owns as his sole interest.

83.    When acting as trustee and/or manager of the family trusts and entities identified in paragraphs 12-16 and 60-61, Jeffrey Neal falsely led Cynthia Neal to believe that he would protect her interests.

84.    As a result of Counterclaim Defendant Jeffrey Neal's breach of fiduciary duty, Cynthia Neal has suffered damages in lost income and equity in the assets of her individual trust and interest in the Family Trusts.

85.    Cynthia Neal has been damaged in an amount to be proven at trial.

## FIFTH COUNTERCLAIM
### (Against Jeffrey Neal and Abingdon ENT – Unjust Enrichment & Constructive Trust)

86.    Cynthia Neal incorporates all preceding paragraphs by reference.

87.    "Constructive trusts arise, independently of the intention of the parties, by construction of law; being fastened upon the conscience of him who has the legal estate, in order to prevent what otherwise would be a fraud. They occur not only where property has been acquired by a fraud or improper means, but also where it has been fairly and properly acquired, but it is contrary to the principles of equity that it should be retained, at least for the acquirer's own benefit." *Leonard v. Counts*, 221 Va. 582, 588–89, 272 S.E.2d 190, 194–95 (1980).

88.    As is detailed above, Jeffrey Neal has come into possession of real property and personal property under circumstances under which he should not be allowed to retain that property.

27

89.     Likewise, Abingdon ENT came into possession of the properties at 170 Valley Street NW and 176 Valley Street NW through the fraud and deception of Jeffrey Neal.

90.     Jeffrey Neal's and Abingdon ENT's continued possession of these misappropriated assets is contrary to the principles of equity.

91.     Jeffrey Neal and Abingdon ENT should not be permitted to retain this property for their own benefit.

92.     As a result, Jeffrey Neal is liable for unjust enrichment and should be required to return his ill-gotten gains in an amount to be determined at trial.

93.     The Court should also impose a constructive trust on property in the possession of Jeffrey Neal and Abingdon ENT for the benefit of Cynthia Neal.

## SIXTH COUNTERCLAIM
### (Against Abingdon ENT and Jeffrey Neal - Breach of Contract)

94.     Cynthia Neal incorporates all preceding paragraphs by reference.

95.     As is described above, the property at 176 Valley Street NW, Abingdon VA is occupied by Abingdon ENT, and Abingdon ENT has agreed to pay market rent of $14,050 for the use of the space.

96.     Beginning February 2020, Abingdon ENT stopped paying  rent.

97.     The past due rent from February 2020 through April 2023 (date of filing this Counterclaim) totals $470,900, of which Cynthia Neal is entitled to one third, or $156,996.67.

98.     Rent continues to accrue at the rate of $14,050 per month.

99.    Cynthia Neal is entitled to judgment for her share of the past due rent and all interest accrued at the agreed family rate of 10% per annum.

## SEVENTH COUNTERCLAIM
### (Conversion)

100.    Cynthia Neal incorporates all preceding paragraphs by reference.

101.    As is described above, Jeffrey Neal deliberately and deceptively claimed ownership of assets equally belong to his mother and his siblings, including gold, silver and numismatics.

102.    By taking possession of these assets, Jeffrey exercised wrongful dominion or control over these assets.

103.    Cynthia Neal has been damaged by Jeffrey Neal's conversion in an amount to be proven at trial.

## EIGTH COUNTERCLAIM AND CROSSCLAIM
### (Loan)

104.    Cynthia Neal incorporates all preceding paragraphs by reference.

105.    Since May of 2022, Cynthia Neal paid the sum of $110,000 to the Neal Children's Irrevocable Trust as a loan to cover short falls.

106.    In addition, while the Family Trust's funds were under Jeffrey's direction, funds for the care of the Children's mother, Linda Neal, were commingled with funds for the operation of the Family Properties.

107.    The accounting for the Family Trusts, which has been conducted by Victor Ricslit under Jeffrey's direction, is inadequate and error-ridden.  Because of

the incomplete records kept by Jeffrey and Victor Ricslit, it is not possible to state with any certainty how Cynthia Neal's funds were used.

108.    Cynthia Neal has loaned an additional $34,162 to the Neal Children's Irrevocable Trust to be used for the care of Linda Neal.

109.    According to Jeffrey Neal, Neal family practice, these loans accrue interest at a rate of 10% per annum in compound interest, and Cynthia Neal requests that this interest be paid.

110.    Cynthia Neal hereby demands repayment of this loan from the Family Trusts in the principal amount of $144,162 plus accrued interest.

WHEREFORE, Cynthia Neal respectfully requests that a judgment to be entered in her favor and against Counter Defendants and Cross Defendants, and that the Court Order the following:

      a.    Removal of Jeffrey Neal and Michael Neal as trustees of the Family Trusts;

      b.    Appointment of a special fiduciary and/or special receiver over the Family Properties, the Family Trusts, Midwest Resources LLC, and CMJ;

      c.    A Constructive Trust as necessary over any property and proceeds of Jeffrey Neal. Michael Neal and Abingdon ENT;

      d.    Compensatory damages;

      e.    Statutory penalties and fines on all claims allowed by law;

      f.    Punitive and exemplary damages as allowed by law;

g.    Relevant statutory damages;

h.    Pre-judgment and post-judgment interest at the highest lawful

rate;

i.    Attorney fees and costs of this action as available by law; and,

j.    Any such further relief as is just and equitable.

**CYNTHIA NEAL DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

CYNTHIA ANNE NEAL,

By Counsel

<u>/s/ James C. White</u>
JAMES C. WHITE (*pro hac vice* admittee) (NCSB #31859)
J.C. White Law Group PLLC
100 Europa Drive, Suite 401
Chapel Hill, North Carolina 27517
Tel: (919) 246-4676
Fax: (919) 246-9113
jwhite@jcwhitelaw.com

MICHAEL E. DERDEYN (VSB #40240)
M. HUNTER RUSH (VSB #97203)
Flora Pettit PC
90 N. Main Street, Suite 201
P. O. Box 1287
Harrisonburg, VA 22803
Tel: (540) 437-3134
Fax: (540) 437-3101
med@fplegal.com
mhr@fplegal.com

ANTHONY D. TAIBI (*pro hac vice* admittee) (NCSB #23700)
The Taibi Law Group, PLLC
3710 University Drive, Suite 110
Durham, North Carolina 27707
Tel: (919) 916-6000
Fax: (919) 289-5300

taibi@tlgnc.com

*Counsel for Cynthia Anne Neal*

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

JOHN E. KIEFFER (VSB #14599)
John E. Kieffer, Attorney at Law, PLLC
1934 Euclid Avenue
Bristol, VA 24203-2125
jekpc@bvu.net
*Counsel for Plaintiffs*

TIMOTHY E. KIRTNER, ESQ. (VSB # 36938)
Gilmer Sadler Attorneys
65 East Main Street, 2nd Floor
Pulaski, VA 24301
tkirtner@gsish.com
*Counsel for Defendant Michael C. Neal*

/s/ James C. White

**2009  4488**

Return to: Boyle, Bain, Reback & Slayton
420 Park Street
Charlottesville, VA 22902-4738

Prepared Without Benefit of Title Search by:
Boyle, Bain, Reback & Slayton
420 Park Street
Charlottesville, VA 22902-4738

Parcel ID Nos.        170012000 & 170016000

This Deed is exempt from recordation taxes pursuant to
Section 58.1-811A(10) of the Code of Virginia, as amended.

THIS DEED, made this 15ᵗʰ day of _____July_____, 2009, by and between Cynthia A.

**NEAL**, Michael C. **NEAL**, and Jeffrey G. **NEAL**, as **TRUSTEES of THE**

**CHARLOTTESVILLE REAL ESTATE AND LAND TRUST u/a/d March 12, 1996**

Grantor; and **CMJ NORTH CAROLINA, LLC**, a North Carolina limited liability company,

Grantee, whose address is 702 North Buchanan Boulevard, Durham, NC 72201.

W I T N E S S E T H :

WHEREAS, by Resignation of Trustee and Appointment of Successor Trustee dated

July 15, 2009 attached hereto as Exhibit A, Cynthia A. Neal, Michael C. Neal and Jeffrey G. Neal

were appointed Trustees, any two of whom may act with regard to the below-described property

only; and

WHEREAS, pursuant to the terms of the Trust, Cynthia A. Neal, Michael C. Neal and

Jeffrey G. Neal are the sole beneficiaries of the Trust; and

WHEREAS, the Grantor herein is entitled to receive not less than fifty percent (50%) of

the profits and surplus of CMJ NORTH CAROLINA, LLC, a North Carolina limited liability

company; and

WHEREAS, the Grantor has executed this deed to convey the following described

property to said Grantee;

1

NOW THEREFORE, for and in consideration of the premises, the Grantor does hereby

GRANT and CONVEY with GENERAL WARRANTY and ENGLISH COVENANTS OF

TITLE unto CMJ NORTH CAROLINA, LLC, all of the Grantor's right, title and interest in and

to the following described property:

Parcel 1:    All that certain lot or parcel of land with the improvements thereon and the appurtenances thereunto belonging situated in the City of Charlottesville, Virginia known by present street number as 128 Piedmont Avenue, being more particularly shown and described on plat of B. Aubrey Huffman & Associates, Ltd., dated February 29, 1996 entitled "Physical Survey Showing Parcel 12 As Shown On Sheet 17, City Tax Maps, A Portion Of Lots 1 & 2 – Block 1, Maury Addition," recorded in the Clerk's Office of the Circuit Court of the City of Charlottesville, Virginia in Deed Book 668, page 149.

AND being the same property conveyed to the Grantors by deed of Peggy S. Perry, dated March 13, 1996, of record in said Clerk's Office in Deed Book 668, page 143.

Parcel 2:    All that certain lot or parcel of land together with the improvements thereon and appurtenances thereunto belonging, lying on the south side of what is now known as Stadium Road in the City of Charlottesville, Virginia, consisting of two parcels which were conveyed to Henry E. Belt by deed of Joel M. Cochran, Jr. dated April 7, 1933, of record in the Clerk's Office of the Circuit Court of Albemarle County, Virginia in Deed Book 219, page 242 and deed of April 22, 1937 of William L. Coleman, widower, of record in said County Clerk's Office in Deed Book 235, page 301. Said real estate is know as 2203 Stadium Road, Charlottesville, Virginia and was annexed by said City from said County in 1938. Henry E. Belt a/k/a Henry Easley Belt died in 1979 with his will probated in the Clerk's Office of the Circuit Court of the City of Charlottesville, Virginia May 29, 1979 and spread therein in Will Book 23, page 396. By Article Fourth he devised said real estate unto his wife Carlos Margaret Belt. Carlos Margaret Belt, a/k/a Carles Margaret Belt, died testate March 22, 2003 and by her will probated in said City Clerk's Office April 2, 2003 and spread therein in Will Book 46, page 909, she devised the residue of her estate, of which the aforedescribed real estate was a portion, unto Thomas L. Belt, Anne B. Seawell and Beverly B. McCauley;

AND being the same property conveyed to the Grantors by deed of Thomas L. Belt, Anne B. Seawell and Beverley B. McCauley, dated February 5, 2004, of record in said Clerk's Office in Deed Book 965, page 435.
This conveyance is made expressly subject to easements, restrictions, conditions, and

reservations contained in duly recorded deeds, plats, and other instruments constituting

2

constructive notice in the chain of title to the property hereby conveyed, which have not expired by limitation of time contained therein or have not otherwise become ineffective.

WITNESS the following signatures and seals, which appear in the following three (3) counterpart signature pages:

3

[counterpart signature page 1 of 3]

GRANTOR: THE CHARLOTTESVILLE REAL
ESTATE AND LAND TRUST u/a/d March 12,
1996

By: *Cynthia A. Neal, Trustee* (SEAL)
Cynthia A. Neal, Trustee

STATE / COMMONWEALTH OF North Carolina, at-large:

CITY/COUNTY OF ___Durham___

    The foregoing Deed was acknowledged before me the _15_ day of _July_,
2009, by Cynthia A. Neal as Trustee on behalf of The Charlottesville Real Estate And Land
Trust U/A/D March 12, 1996..

_Hazel Joh_ (SEAL)
Notary Public

My Comm. Exp.: _Feb 11 2014_

Notary Cert. No: _200403b0030_

HAZEL JOHNSON
NOTARY PUBLIC
Durham County, North Carolina
My Commission Expires Feb 11 2014

4

[counterpart signature page 2 of 3]

GRANTOR: THE CHARLOTTESVILLE REAL
ESTATE AND LAND TRUST u/a/d March 12,
1996

By: _Michael C. Neal_ , TRUSTEE (SEAL)
Michael C. Neal, Trustee

STATE / COMMONWEALTH OF ___Illinois___ , at-large:

CITY/COUNTY OF ___Lake___

    The foregoing Deed was acknowledged before me the __22nd__ day of __July__ ,
2009, by Michael C. Neal as Trustee on behalf of The Charlottesville Real Estate And Land
Trust U/A/D March 12, 1996.

___Judy Verwijst___ (SEAL)
Notary Public

My Comm. Exp.: __3-30-2011__

Notary Cert. No: __672596__

JUDY VERWIJST
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
March 30, 2011

5

[counterpart signature page 3 of 3]

GRANTOR: THE CHARLOTTESVILLE REAL
ESTATE AND LAND TRUST u/a/d March 12,
1996

By: _____, TRUSTEE (SEAL)
Jeffery G. Neal, TRUSTEE

STATE / COMMONWEALTH OF ___Virginia___, at-large:

CITY/COUNTY OF ___Washington___

The foregoing Deed was acknowledged before me the 17th day of Jul,
2009, by Jeffery G. Neal as Trustee on behalf of The Charlottesville Real Estate And Land Trust
U/A/D March 12, 1996.

_____ (SEAL)
Notary Public

My Comm. Exp.: January 31, 2013

Notary Cert. No: 360190

6

EXHIBIT A

RESIGNATION OF TRUSTEE
AND
APPOINTMENT OF SUCCESSOR TRUSTEE
FOR
THE CHARLOTTESVILLE REAL ESTATE AND LAND TRUST
u/a/d MARCH 12, 1996

THIS RESIGNATION OF TRUSTEE AND APPOINTMENT OF SUCCESSOR

TRUSTEE is made this ___5th___ day of ___July___, 2009, by ROGER D. NEAL and LINDA

G. NEAL as TRUSTEES of THE CHARLOTTESVILLE REAL ESTATE AND LAND TRUST

u/a/d March 12, 1996 (the "Trust Agreement").

### W I T N E S S E T H:

**THAT FOR** and in consideration of the sum of One Dollar ($1.00) cash in hand paid, the

receipt and sufficiency of which is hereby acknowledged, Roger D. Neal and Linda G. Neal do

hereby RESIGN as Trustees of The Charlottesville Real Estate and Land Trust Agreement u/a/d

March 12, 1996.

Cynthia A. Neal, Michael C. Neal, and Jeffrey G. Neal, **ANY TWO OF WHOM MUST**

**ACT TOGETHER** are hereby acknowledged and confirmed as Successor Trustees in

accordance with the provisions of the Trust Agreement.

Full power and authority is hereby granted to Cynthia A. Neal, Michael C. Neal, and

Jeffrey G. Neal, **ANY TWO OF WHOM MUST ACT TOGETHER** (the "Trustee"), to

perform any and all acts as Trustee under the Trust Agreement including without limitation the

power to protect and conserve the following real property:

Parcel 1:     All that certain lot or parcel of land with the improvements thereon and
the appurtenances thereunto belonging situated in the City of Charlottesville, Virginia
known by present street number as 128 Piedmont Avenue, being more particularly shown
and described on plat of B. Aubrey Huffman & Associates, Ltd., dated February 29, 1996

7

entitled "Physical Survey Showing Parcel 12 As Shown On Sheet 17, City Tax Maps, A Portion Of Lots 1 & 2 – Block 1, Maury Addition," recorded in the Clerk's Office of the Circuit Court of the City of Charlottesville, Virginia in Deed Book 668, page 149.

Parcel 2:    All that certain lot or parcel of land together with the improvements thereon and appurtenances thereunto belonging, lying on the south side of what is now known as Stadium Road in the City of Charlottesville, Virginia, consisting of two parcels which were conveyed to Henry E. Belt by deed of Joel M. Cochran, Jr. dated April 7, 1933, of record in the Clerk's Office of the Circuit Court of Albemarle County, Virginia in Deed Book 219, page 242 and deed of April 22, 1937 of William L. Coleman, widower, of record in said County Clerk's Office in Deed Book 235, page 301. Said real estate is know as 2203 Stadium Road, Charlottesville, Virginia and was annexed by said City from said County in 1938. Henry E. Belt a/k/a Henry Easley Belt died in 1979 with his will probated in the Clerk's Office of the Circuit Court of the City of Charlottesville, Virginia May 29, 1979 and spread therein in Will Book 23, page 396. By Article Fourth he devised said real estate unto his wife Carlos Margaret Belt. Carlos Margaret Belt, a/k/a Carles Margaret Belt, died testate March 22, 2003 and by her will probated in said City Clerk's Office April 2, 2003 and spread therein in Will Book 46, page 909, she devised the residue of her estate, of which the aforedescribed real estate was a portion, unto Thomas L. Belt, Anne B. Seawell and Beverly B. McCauley;

(the "Property"); to sell, contract to sell and grant options to purchase the Property and any right, title, or interest therein on any terms; to exchange the Property or any part thereof for any other real or personal property upon any terms; to convey the Property or any part thereof by deed or other conveyance to any grantee, with or without consideration; to mortgage, pledge or otherwise encumber the Property or any part thereof, with or without consideration; to lease, contract to lease, grant options to lease and renew, extend, amend and otherwise modify leases on the Property or any part thereof from time to time, for any period of time, for any rental and upon any other terms and conditions; and to release, convey or assign any other right, title or interest whatsoever in the Property or any part thereof, with or without consideration.

No party dealing with the Trustee, or his successor, in relation to the Property in any manner whatsoever, and (without limiting the foregoing) no party to whom the Property or any part thereof or any interest therein shall be conveyed, contracted to be sold, leased or mortgaged

8

by the Trustee shall be (a) obliged to (i) see to the application of any purchase money, rent, or money borrowed or otherwise advanced on the Property, (ii) see that the terms of the Trust Agreement have been complied with, (iii) inquire into the authority, necessity or expediency of any act of the Trustee, or (b) be privileged to inquire into any of the terms of the Trust Agreement.  Every deed, mortgage, lease, or other instrument executed by the Trustee in relation to the Property shall be conclusive evidence in favor of every person claiming any right, title, or interest thereunder (a) that at the time of the delivery thereof the Trust Agreement were in full force and effect, (b) that such instrument was executed in accordance with the terms and conditions hereof and  of the Trust Agreement and is binding upon all beneficiaries thereunder, (c) that the Trustee were duly authorized and empowered to execute and deliver every such instrument, and (d) if a conveyance has been made to a successor or successors in trust, or an appointment of a successor or successors has been made such successor or successors have been properly appointed and are fully vested with all the title, estate, rights, powers, duties, and obligations of its, her, his or their predecessor in trust.

The Trust Agreement provides that the Trustee have the powers set forth in Section 64.1-57 of the Code of Virginia.  The word Trustee as used herein shall include the singular and the plural, as the case may be, and any future successor Trustee or Trustees.

By their signatures below, Cynthia A. Neal, Michael C. Neal, and Jeffrey G. Neal, **ANY TWO OF WHOM MUST ACT TOGETHER** do hereby succeed to all the power, authority, rights and duties conferred upon the original trustees by the foregoing, by applicable law and by the terms of The Charlottesville Real Estate and Land Trust Agreement u/a/d March 12, 1996.

9

[counterpart signature page 1 of 4]

The Charlottesville Real Estate and Land Trust
u/a/d March 12, 1996

By: _____ (SEAL)
Roger D. Neal

By: _____ (SEAL)
Linda G. Neal

COMMONWEALTH OF VIRGINIA, at-large:

CITY/COUNTY OF _Washington_____

The foregoing Resignation Of Trustee And Appointment Of Successor Trustee was
acknowledged before me the _32_ day of _September_, 2009, by Roger D. Neal and Linda
G. Neal.

_____ (SEAL)
Notary Public

My Comm. Exp.: _January 31, 2013___

Notary Cert. No: _500190_____

10

[counterpart signature page 2 of 4]

ACCEPTED BY:

_Cynthia A. Neal_ (SEAL)
Cynthia A. Neal


STATE / COMMONWEALTH OF _noiTh Carolina_, at-large:

CITY/COUNTY OF _Durham_

The foregoing Resignation Of Trustee And Appointment Of Successor Trustee was
acknowledged before me the __15__ day of __July__, 2009, by Cynthia A. Neal.

_Hazel Jo_ (SEAL)
Notary Public

My Comm. Exp.: _Feb 11 2014_

Notary Cert. No: _20040360030_

HAZEL JOHNSON
NOTARY PUBLIC
Durham County, North Carolina
My Commission Expires _Feb 11 2014_

11

[counterpart signature page 3 of 4]

ACCEPTED BY:

_Michael C. Neal_____ (SEAL)
Michael C. Neal

STATE / COMMONWEALTH OF __Illinois__, at-large:

CITY/COUNTY OF __Lake_____

The foregoing Resignation Of Trustee And Appointment Of Successor Trustee was acknowledged before me the __22nd__ day of ___July___, 2009, by Michael C. Neal.

_Judy Verwijst_____ (SEAL)
Notary Public

My Comm. Exp.: __3-30-2011___

Notary Cert. No: __672596_____

JUDY VERWIJST
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
March 30, 2011

12

[counterpart signature page 4 of 4]

ACCEPTED BY:

_____ (SEAL)
Jeffery G. Neal

STATE / COMMONWEALTH OF ___Virginia___, at-large:

CITY/COUNTY OF ___Washington___

    The foregoing Resignation Of Trustee And Appointment Of Successor Trustee was acknowledged before me the __17th__ day of __July__, 2009, by Jeffery G. Neal.

_____ (SEAL)
Notary Public

My Comm. Exp.: ___January 31, 2013___

Notary Cert. No: ___300190___

13

| | | |
|---|---|---|
| STATE TAX | $_____ | (039) |
| CITY TAX | $_____ | (214) |
| TRANS | $ 1.00 | (212) |
| TECH FEE | $ 5.00 | (106) |
| CLERK'S FEE | $ 28.50 | (301) |
| VSLF | $ 1.50 | (145) |
| STATE FEE | $_____ | (038) |
| SEC 58.1-801 | | |
| STATE TAX | $_____ | (039) |
| LOCAL TAX | $_____ | (220) |
| LOCAL TAX | $_____ | (223) |
| **TOTAL** $ 36.00 | | |

Admitted to Record in the Clerk's Office of the
Circuit Court of the City of Charlottesville,
Virginia, on the 5th day of OCT , 20 09
at 1:25 o'clock p M., and recorded in
Deed Book No. _____ Page _____
The taxes imposed by §§58.1-801 and 58.1-
802 of the Virginia Code have been paid.

_____Paul C. Garrett_____ Clerk

**2009    4491**

Return to: Boyle, Bain, Reback & Slayton
420 Park Street
Charlottesville, VA 22902-4738

Prepared Without Benefit of Title Search by:
**Boyle, Bain, Reback & Slayton**
**420 Park Street**
**Charlottesville, VA  22902-4738**

Parcel ID No.          **170090000**

### This Deed is exempt from recordation taxes pursuant to Section 58.1-811A(10) of the Code of Virginia, as amended.

THIS DEED, made this 15ᵗʰ day of July , 2009, by and between Cynthia A.

**NEAL,** Michael C. **NEAL,** and Jeffrey G. **NEAL,** as **TRUSTEE of THE ROGER D. NEAL**

**REVOCABLE TRUST AGREEMENT u/a/d July 30, 1993** Grantor; and **CMJ NORTH**

**CAROLINA, LLC,** a North Carolina limited liability company, Grantee, whose address is 702

North Buchanan Boulevard, Durham, NC 72201.

### W I T N E S S E T H :

WHEREAS, by Resignation of Trustee and Appointment of Successor Trustee dated

July 15, 2009 attached hereto as Exhibit A, Cynthia A. Neal, Michael C. Neal and Jeffrey G. Neal

were appointed Trustees, any two of whom may act with regard to the below-described property

only; and

WHEREAS, pursuant to the terms of the Trust, Cynthia A. Neal, Michael C. Neal and

Jeffrey G. Neal are the sole beneficiaries of the Trust; and

WHEREAS, the Grantor herein is entitled to receive not less than fifty percent (50%) of

the profits and surplus of CMJ NORTH CAROLINA, LLC, a North Carolina limited liability

company; and

WHEREAS, the Grantor has executed this deed to convey the following described

property to said Grantee;

1

NOW THEREFORE, for and in consideration of the premises, the Grantor does hereby GRANT and CONVEY with GENERAL WARRANTY and ENGLISH COVENANTS OF TITLE unto CMJ NORTH CAROLINA, LLC, all of the Grantor's right, title and interest in and to the following described property:

> All that certain lot or parcel of land with the improvements thereon, situated in the City of Charlottesville, Virginia, shown as Lot 1, Piedmont, on plat of B. Aubrey Huffman & Associates, Ltd., dated January 2, 1991, and recorded in the Clerk's Office of the Circuit Court of the City of Charlottesville, Virginia in Deed Book 553, page 300;

> AND being the same property conveyed to the Grantor by deed from Roger D. Neal, Married dated July 6, 1994 and recorded in said Clerk's Office in Deed Book 638, page 646.

This conveyance is made expressly subject to easements, restrictions, conditions, and reservations contained in duly recorded deeds, plats, and other instruments constituting constructive notice in the chain of title to the property hereby conveyed, which have not expired by limitation of time contained therein or have not otherwise become ineffective.

WITNESS the following signatures and seals, which appear in the following three (3) counterpart signature pages:

2

2009   4487

Return to: Boyle, Bain, Reback & Slayton
420 Park Street
Charlottesville, VA 22902-4738

**Prepared Without Benefit of Title Search by:**
**Boyle, Bain, Reback & Slayton**
**420 Park Street**
**Charlottesville, VA 22902-4738**

Parcel ID No.        170017000

**This Deed is exempt from recordation taxes pursuant to**
**Section 58.1-811A(10) of the Code of Virginia, as amended.**

THIS DEED, made this 15ᵗʰ day of July_____, 2009, by and between Cynthia A.

**NEAL,** Michael C. **NEAL,** and Jeffrey G. **NEAL,** as **TRUSTEE of THE 2201 STADIUM**

**ROAD LAND TRUST u/a/d September 24, 2001** Grantor; and **CMJ NORTH CAROLINA,**

**LLC,** a North Carolina limited liability company, Grantee, whose address is 702 North

Buchanan Boulevard, Durham, NC 72201.

WITNESSETH:

WHEREAS, by Resignation of Trustee and Appointment of Successor Trustee dated

July 15, 2009 attached hereto as Exhibit A, Cynthia A. Neal, Michael C. Neal and Jeffrey G. Neal

were appointed Trustees, any two of whom may act with regard to the below-described property

only; and

WHEREAS, pursuant to the terms of the Trust, Cynthia A. Neal, Michael C. Neal and

Jeffrey G. Neal are the sole beneficiaries of the Trust; and

WHEREAS, the Grantor herein is entitled to receive not less than fifty percent (50%) of

the profits and surplus of CMJ NORTH CAROLINA, LLC, a North Carolina limited liability

company; and

WHEREAS, the Grantor has executed this deed to convey the following described

property to said Grantee;

1

NOW THEREFORE, for and in consideration of the premises, the Grantor does hereby

GRANT and CONVEY with GENERAL WARRANTY and ENGLISH COVENANTS OF

TITLE unto CMJ NORTH CAROLINA, LLC, all of the Grantor's right, title and interest in and

to the following described property:

> All that certain lot or parcel of land with the improvements thereon, containing 13,904.6 square feet, fronting on Stadium Road in the City of Charlottesville, Virginia, and more particularly described on a plat of Gary M. Whelan, Land Surveyor, dated August 19, 1994, recorded in the Clerk's Office of the Circuit Court of the City of Charlottesville, Virginia in Deed Book 637, page 96.

> AND being the same property conveyed to the Grantors by deed from Calvin L. Miller dated September 27, 2001 and recorded in said Clerk's Office in Deed Book 823, page 871.

This conveyance is made expressly subject to easements, restrictions, conditions, and

reservations contained in duly recorded deeds, plats, and other instruments constituting

constructive notice in the chain of title to the property hereby conveyed, which have not expired

by limitation of time contained therein or have not otherwise become ineffective.

WITNESS the following signatures and seals, which appear in the following three (3)

counterpart signature pages:

2

2009  4489

Prepared Without Benefit of Title Search by:
Boyle, Bain, Reback & Slayton
420 Park Street
Charlottesville, VA 22902-4738

Parcel ID No.        170025000

**This Deed is exempt from recordation taxes pursuant to
Section 58.1-811A(10) of the Code of Virginia, as amended.**

THIS DEED, made this 15ᵗʰ day of _Jᴜᴜʏ_____, 2009, by and between Cynthia A.
**NEAL,** Michael C. **NEAL,** and Jeffrey G. **NEAL,** as **TRUSTEE of THE PRICE AVENUE
LAND TRUST, u/a/d July 11, 1997** Grantor; and **CMJ NORTH CAROLINA, LLC,** a North
Carolina limited liability company, Grantee, whose address is 702 North Buchanan Boulevard,
Durham, NC 72201.

W I T N E S S E T H :

WHEREAS, by Resignation of Trustee and Appointment of Successor Trustee dated
July 15, 2009 attached hereto as Exhibit A, Cynthia A. Neal, Michael C. Neal and Jeffrey G. Neal
were appointed Trustees, any two of whom may act with regard to the below-described property
only; and

WHEREAS, pursuant to the terms of the Trust, Cynthia A. Neal, Michael C. Neal and
Jeffrey G. Neal are the sole beneficiaries of the Trust; and

WHEREAS, the Grantor herein is entitled to receive not less than fifty percent (50%) of
the profits and surplus of CMJ NORTH CAROLINA, LLC, a  North Carolina limited liability
company; and

WHEREAS, the Grantor has executed this deed to convey the following described
property to said Grantee;

1

Return to:  Boyle, Bain, Reback & Slayton
420 Park Street
Charlottesville, VA 22902-4738

NOW THEREFORE, for and in consideration of the premises, the Grantor does hereby

GRANT and CONVEY with GENERAL WARRANTY and ENGLISH COVENANTS OF

TITLE unto CMJ NORTH CAROLINA, LLC, all of the Grantor's right, title and interest in and

to the following described property:

> All that certain lot or parcel of land with the improvements thereon and appurtenances thereto belonging, known as #2321 Price Avenue, situated in the City of Charlottesville, Virginia, more particularly described on a plat by Roger W. Ray & Associates, Inc., dated July7, 1997 titled "Boundary & Physical Survey Lot 14, Block 1, Maury's Addition Charlottesville, Virginia," recorded in the Clerk's Office of the Circuit Court of the City of Charlottesville, Virginia in Deed Book 698, page 281.

> AND being the same property conveyed to the Grantors by deed from Catherine Marshall Gay, (a/k/a Catherine M. Gay) dated July 10, 1997 and recorded in said Clerk's Office in Deed Book 698, page 276.

This conveyance is made expressly subject to easements, restrictions, conditions, and

reservations contained in duly recorded deeds, plats, and other instruments constituting

constructive notice in the chain of title to the property hereby conveyed, which have not expired

by limitation of time contained therein or have not otherwise become ineffective.

WITNESS the following signatures and seals, which appear in the following three (3)

counterpart signature pages:

2

Exhibit 5

CLR202002733

*Deed Prepared by:*
ELY LAW GROUP, P.C.
Brian M. Ely, VSB#: 37370
597 East Main Street
Abingdon, Virginia 24210

| | |
|---|---|
| *Title Insurance Underwriter: None* | *Tax Map Number: 011-7-2* |

THIS GIFT DEED, made this the ___5ᵗʰ___ day of June, 2020, by and between the

**SOUTHWEST VIRGINIA REAL ESTATE LAND TRUST AGREEMENT**, by

**MICHAEL CHRISTOPHER NEAL** and **JEFFREY GARDNER NEAL**, Successor Trustees,

hereinafter "Grantor," and **318 VALLEY ST NW LAND TRUST**, Michael C. **NEAL** and

Jeffrey G. **NEAL**, Trustees, hereinafter "Grantee".

## *WITNESSETH*:

THAT FOR and in consideration of re-titling the subject property into the above-

referenced land trust, and for other good and valuable consideration, the Grantor does hereby

give and convey unto Grantee, with covenants of **SPECIAL WARRANTY**, the following

property:

Tax Map #: 11-7-2

That certain lot or parcel of land lying and being in the Town of Abingdon, Washington County, Virginia, and more particularly described as Lot No. Two (2) on a plat of Abingdon Warehouse Corporation Lots, which plat is of record in the said Clerk's Office in Plat Book 1, Page 21. Said lot faces fifty (50) feet on West Valley Street and extends back 172 feet to Plum Alley and faces fifty (50) feet on said Plum Alley, and bounded on the east by the Lillie H. Pruner Lot, and on the east by the L. M. Crabree and the E. C. Ashley lots.

BEING the same property conveyed to the Southwest Virginia Real Estate Land Trust Agreement dated December 4, 1995, of record in Deed Book 931, page 545, in the Office of the Circuit Court Clerk of Washington County, Virginia. Linda Gardner Neal resigned as Trustee after the death of Roger D. Neal. Michael Christopher Neal and Jeffrey Gardner Neal are the successor Trustees of the Southwest Virginia Real Estate Land Trust Agreement dated

Page 1 of 3

December 4, 1995, and have authority to convey the above-described property to Grantee. By signing this document, the successor Trustees affirm that said land trust agreement was amended prior to December 1, 2015, which did not require the property to be sold within 20 years from the trust's creation.

This deed is made expressly subject to the restrictions, conditions, rights of ways and easements, if any, contained in the instruments constituting the chain of title to the property conveyed herein and to matters visible upon inspection.

IN WITNESS WHEREOF, by signature and seal.

SOUTHWEST VIRGINIA LAND TRUST AGREEMENT

_____ (SEAL)
MICHAEL CHRISTOPHER NEAL, Successor Trustee

STATE OF: _Michigan_
CITY/COUNTY OF: _Oakland_ , to-wit:

I, a Notary Public in and for the state and county aforesaid, do hereby certify that **MICHAEL C. NEAL, Successor Trustee of SOUTHWEST VIRGINIA LAND TRUST AGREEMENT,** whose name is signed to the foregoing writing, has acknowledged the same before me in my county and state aforesaid, on behalf of the Trust.

Given under my hand this _8th_ day of June, 2020.

_____ (SEAL)
Notary Public. Registration #: _____
My Commission Expires: _04/22/2020_
Notary's Printed Name: _Roo per INSETI_

Page 2 of 3

## SOUTHWEST VIRGINIA LAND TRUST AGREEMENT

_____ (SEAL)
JEFFREY GARDNER NEAL, Successor Trustee

STATE OF: __VA__
CITY/COUNTY OF: __Washington__ , to-wit:

    I, a Notary Public in and for the state and county aforesaid, do hereby certify that **JEFFREY GARDNER NEAL, Successor Trustee of SOUTHWEST VIRGINIA LAND TRUST AGREEMENT**, whose name is signed to the foregoing writing, has acknowledged the same before me in my county and state aforesaid, on behalf of the Trust.

    Given under my hand this __5th__ day of June, 2020.

_____ (SEAL)
Notary Public.  Registration #: __7534878__
My Commission Expires: __3-31-2021__
Notary's Printed Name: __Rebecca Dickenson__

**318 VALLEY ST NW LAND TRUST**'s mailing address:

__P.o. Box 1745__
__Abingdon, Va. 24212__

```
            INSTRUMENT 202002733
     RECORDED IN THE CLERK'S OFFICE OF
          WASHINGTON COUNTY CIRCUIT ON
          JUNE 8, 2020 AT 11:53 AM
           PATRICIA S. MOORE, CLERK
              RECORDED BY: JXW
```

Page 3 of 3

BOOK 881 PAGE 741

THIS DEED OF GIFT, made and entered into this 30 <u>TH</u> day of December, 1993, by and between THE ROGER D. NEAL REVOCABLE TRUST, dated July 30, 1993, by ROGER D. NEAL, TRUSTEE, hereinafter referred to as Grantor, and MIDWEST RESOURCES, LLC, hereinafter referred to as Grantees.

W I T N E S S E T H:

That for and in consideration of the advantages of management of the property by above-designated Grantee, the Grantor does hereby bargain, grant, sell and convey unto the Grantee, with general warranty and English covenants of title, those certain tracts or parcels of land lying and being in the Town of Abingdon, Washington County, Virginia, and more particularly described as follows:

TRACT NO. 1. An undivided one-half (1/2) interest in and to that certain tract or parcel of land situate on the north line of Valley Street in the Town of Abingdon and more particularly described as follows:

> BEGINNING at a point in the north line of East Valley Street, corner to the property now or formerly owned by Smeltzer; thence with the north line of East Valley Street, S 65 W 15 feet to a point; thence leaving East Valley Street, N 25 W 125 feet to a point; thence N 65 E 15 feet to a point in the property now or formerly owned by Smeltzer; thence with said property now or formerly owned by Smeltzer, S 25 E 125 feet to the point of BEGINNING.

TRACT NO. 2. An undivided one-half (1/2) interest in and to those certain tracts or parcels of land situate on the northern side of East Valley Street in the Town of Abingdon and more particularly described as follows:

FIRST PARCEL:

> BEGINNING at a stake on the northern side of Valley Street, at a corner to the land of now or formerly H. M. Hayter; thence extending along the eastern line of the land of H. M. Hayter, N 26° 15' W 410 feet to a stake, corner to land of now or formerly Morison; thence extending along the southern line of the land of now or formerly Morison, N 65° E 420 feet to a stake, corner to the land of Smeltzer; thence extending along the western line of the land of Smeltzer S 26° 15' E 171.6 feet to a stake; thence continuing along the western line of the land of Smeltzer S 25° E 110 feet to a stake; thence extending along the northern line of the SECOND PARCEL

-1-

BOOK 881 PAGE 742

described herein, S 65° W 15 feet to a stake; thence along the western line of said SECOND PARCEL S 25° E 125 feet to a stake in the northern line of East Valley Street; thence along the northern line of East Valley Street, S 65° W 402 feet to the point of BEGINNING, containing 3.9 acres, more or less.

SECOND PARCEL:

That small parcel of land situate at the southeast corner of FIRST PARCEL of this deed, BEGINNING at said southeast corner and extending thence from Valley Street N 25° W 125 feet along the eastern line of FIRST PARCEL of this deed; thence N 65° E 15 feet to the western line of property now or formerly owned by Smeltzer; thence S 25° E 125 feet along the western line of Smeltzer to the northern line of Valley Street; thence along the northern line of Valley Street, S 65° W 15 feet to the point of BEGINNING.

This is the same property that was conveyed to The Roger D. Neal Revocable Trust by deed dated September 27, 1993, of record in the Clerk's Office of the Circuit Court of Washington County, Virginia, in Deed Book 875, Page 852.

This conveyance is made expressly subject to any restrictions, conditions, rights-of-way and easements, if any, insofar as same affect said property.

WITNESS the following signatures and seals the day and year first above written.

THE ROGER D. NEAL REVOCABLE TRUST

By: _____ TRUSTEE (SEAL)
     ROGER D. NEAL, TRUSTEE

COMMONWEALTH OF VIRGINIA
COUNTY OF WASHINGTON

The foregoing instrument was acknowledged before me this 30th day of December, 1993, by Roger D. Neal, Trustee for The Roger D. Neal Revocable Trust on behalf of said trust.

Given under my hand this 30th day of December, 1993.

_____
Notary Public

My commission expires: Sept. 30, 1994 .

Pursuant to Va. Code Ann. § 58.1-811D (Michie Supp. 1993), no recordation tax is required.

Entity responsible for
payment of taxes:

Midwest Resources, LLC
445 East Valley Street
Abingdon, Virginia 24210

-2-

VIRGINIA: IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT OF WASHINGTON COUNTY, _____ 199_. This deed was this day presented in said office and with certificate thereto annexed admitted to record at 8:30 o'clock ___ after payment of tax imposed by Sec. 58-54.1. _____

Deed No. ____
TESTE: KATHY A. CRANE, CLERK
BY: _____ D.C.
Original Returned This Date To: _____

INST 0 9 0 0 0 7 5 1 3          Exhibit 7

57

*Deed Prepared by:*
ELY LAW GROUP, P.C.
597 East Main Street
Abingdon, Virginia 24210

*Title Insurance Underwriter: None*          *Tax Map Numbers: See Schedule A*

THIS GIFT DEED, made this the 16ᵗʰ day of November, 2009, by and between **THE ROGER D. NEAL REVOCABLE TRUST DATED JULY 30, 1993**, hereinafter "Grantor," and, the **CYNTHIA ANN NEAL REVOCABLE TRUST AGREEMENT**, the **MICHAEL CHRISTOPHER NEAL REVOCABLE TRUST AGREEMENT**, and the **JEFFREY GARDNER NEAL REVOCABLE TRUST AGREEMENT**, hereinafter "Grantees".

### *WITNESSETH:*

THAT FOR and in consideration of One Dollar ($1.00), and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Grantor does hereby give and convey unto Grantees, all the interest in undivided equal portions, with covenants of **GENERAL WARRANTY** and **ENGLISH COVENANTS OF TITLE,** in the following properties listed in Schedule A. However, the property designated as Parcel 4, shall reserve a life estate to Virginia Saul, with the life tenant being responsible for utility expenses, and the remainderman interest being responsible for upkeep, taxes and homeowners' insurance.

This deed is made expressly subject to the restrictions, conditions, rights of ways and easements, if any, contained in the instruments constituting the chain of title to the property conveyed herein and to matters visible upon inspection.

Page 1 of 8

58

IN WITNESS WHEREOF, by signature and seal.

THE ROGER D. NEAL REVOCABLE TRUST

By: _____(SEAL)

ROGER D. NEAL, TRUSTEE

COMMONWEALTH OF VIRGINIA
COUNTY OF WASHINGTON, to-wit:

I, _Brian Manning Ely_____, a Notary Public in and for the state and county aforesaid, do hereby certify that **Roger D. Neal, Trustee of the Roger D. Neal Revocable Trust dated July 30, 1993,** whose name is signed to the foregoing writing, has acknowledged the same before me in my county and state aforesaid, on behalf of the Roger D. Neal Revocable Trust dated July 30, 1993.

Given under my hand this __10th__ day of __November__, 2009 (here) ~~2008~~.



BRIAN MANNING ELY
Notary Public - Reg. # 168709
Commonwealth of Virginia
My Commission Expires May 31, 2012

_____(SEAL)

Notary Public  Registration #: __168709__
My Commission Expires: __05/31/2012__

Grantees' address:
_P.O. Box 1777_
_Abingdon Va. 24212_

Page 2 of  8

59

## SCHEDULE A

---

Parcel 1:     Tax Map #:019-1-45A_AB                    302 Bradley Street
                                                        Abingdon, Va. 24210

That certain tract or parcel of real property and improvements thereon, lying and being in the Town of Abingdon, Washington County, Virginia, such real property being more particularly described as follows:

BEGINNING at a point on the south side of Bradley Street, at the intersection of said street with Grant Street; thence with the south line of Bradley Street, S 75 25 W 76 feet to a stake, a corner to Brownlow; thence leaving the line of Bradley Street and with the Brownlow line, S 20 44 E 101.4 feet to a stake, a corner to Goldie Green; thence leaving the Brownlow line and with the Green line, N 76 07 E 76.54 feet to a stake in the west line of Grant Street; thence with the west line of Grant Street, N 20 44 W 105 feet to the BEGINNING.

BEING that same real property conveyed to Jesse L. Owens and Lisa D. Owens by Deed dated July 21, 2001, of record in Instrument Number 000015288, page 68, in the Office of the Circuit Court Clerk of Washington County, Virginia.

AND BEING the same property conveyed to The Roger D. Neal Revocable Trust, dated July 30, 1993, by deed dated April 6, 2007, of record in Instrument Number 070002711, in the aforesaid Clerk's Office.

---

Parcel 2:     Tax Map #: 019-1-46_AB                    302 Grove Terrace
                                                        Abingdon, Va. 24210

That certain tract or parcel of real property lying and being in the Town of Abingdon, Washington County, Virginia, such real property being more particularly described as that tract containing 0.240 acre, more or less, as shown on the plat, attached hereto, by L. K. Addison, L.S. 1049, dated 06/13/06 partially titled "PROPERTY OF JESSE L. & LISA D. OWENS TO BE CONVEYED TO ROGER D. NEAL...", to which plat reference is hereby made for a more particular description of the property conveyed.

HOWEVER, excepting from this conveyance a strip of land four (4) feet in width along the line of Evelyn Clark Preston for the purpose of a passage-way, as reserved and excepted in a Deed from S. F. Hurt, unmarried, to Nellie H. Ireson, dated September 23, 1926, and of record in the Clerk's Office of the Circuit Court of Washington County, Virginia, in Deed Book 118, page 283.

FURTHER, subject to that additional six (6) foot right of way for motor vehicle travel to the property formerly owned by Jerry W. Large and Trecia L. Large, described on the County/Town

Page 3 of 8

**6 0**

tax maps having a parcel number of 019-1-46A, as further set forth in Deed Book 786, page 197, in the aforesaid Clerk's Office.

BEING that same real property conveyed to Jesse L. Owens and Lisa D. Owens by deed dated August 25, 1993, of record in Deed Book 871, page 356, in the Office of the Circuit Court Clerk of Washington County, Virginia.

AND BEING the same property conveyed to The Roger D. Neal Revocable Trust, dated July 30, 1993, by deed dated June 30, 2006, of record in Instrument Number 060004962, in the aforesaid Clerk's Office.

Parcel 3:    Tax Map #:106A2-10-3                         867 East Main Street
                                                          Abingdon, Va. 24210

All that certain tract or parcel of land, and improvements thereon, situate, lying and being in the Town of Abingdon, Virginia, designated as Lot 3 on the plat by John W. Hortenstine, C.L.S., dated April 16, 1974, of record in Plat Book 18, page 8, partially titled "GUY CARTER NEAR ABINGDON, VA..." , and more particularly described as follows:

BEGINNING at a point in the north line of U. S. 11 thence N 24°00' E 210.0 feet to a point; thence S 67° 09 E 115.0 feet to a point a corner to Lot No. 2; thence with the division line of Lot No. 3 *(incorrectly previously stated as Lot 1)* and Lot No. 2 as shown on said plat 110.0 feet to a point in the north line of U. S. 11; thence with the north line of U. S. 11 in a westerly direction on a 5° curve 110 feet to the point of BEGINNING.

BEING the same property conveyed to Donald H. Milligan and Raye R. Milligan by deed dated April 21, 1978, of record in Deed Book 587, page 392, in the Office of the Circuit Court Clerk of Washington County, Virginia.

TOGETHER with use of that 30 foot private road from U. S. Highway No. 11 and that 20 foot right of way across Lot 1 and Lot 2 to Lot 3, as set forth on the above-referenced plat by John W. Hortenstine, C.L.S., dated April 16, 1974, of record in Plat Book 18, page 8, in the aforesaid Clerk's Office.

AND BEING the same property conveyed to The Roger D. Neal Revocable Trust, dated July 30, 1993, by deed dated March 31, 2005, of record in Instrument Number 050002753, in the aforesaid Clerk's Office.

**61**

Parcel 4:    Tax Map #: 020-5-22_AB                403 Oakland Street
                                                    Abingdon, Va. 24210

All those certain lots or parcels of land lying and being in the Town of Abingdon, Washington County, Virginia, and more particularly described as on the attached plat by L. K. Addison, dated July 31, 2006, to which plat reference is hereby made for a more particular description of the property conveyed, and further described as follows:

FIRST: LOTS NOS. TWENTY-TWO (22), TWENTY-THREE (23), TWENTY-FOUR (24) and TWENTY-FIVE (25), according to "MAP OF WEST GROVE ADDITION IN AND AT ABINGDON, WASHINGTON COUNTY, VIRGINIA, SURVEY SEPTEMBER, 1942, BY A. L. CUMBOW, JR., C.S.", a copy of which is of record in the Clerk's Office of the Circuit Court of Washington County, Virginia, in Deed Book 194, at Page 47, reference to which is hereby made for a more particular description of said lots or parcels of land herein conveyed.

SECOND: A portion of LOT NO. TWENTY-SIX (26) according to the aforesaid map of the West Grove Addition and more particularly described as follows:

BEGINNING at a point in the east line of Oakland Street (formerly Grove Avenue), the southwest corner of Lot No. 25; thence with the east line of Oakland Street (formerly Grove Avenue), S 22 58 E an estimated distance of 30 feet to the corner of Lots Nos. 26 and 27; thence leaving Oakland Street (formerly Grove Avenue) and with the line of a wire fence in an easterly direction approximately 157.3 feet to a stake; thence N 22 29 W an estimated distance of 20 feet to the southeast corner of Lot No. 25; thence with the south line of Lot No. 25, S 67 02 W 157.3 feet to the BEGINNING.

LESS and EXCEPT that certain portion of Lot No. 26 which was conveyed to Marshall H. Lowe, from M. Margaret Hughes, unmarried, by Deed dated September 8, 1966, and of record in said Clerk's Office in Deed Book 416, at Page 172, reference to which is hereby made for a more particular description of said parcel of land.

BEING the same lots or parcels of land conveyed to Joseph Matthew Smith by Deed dated May 19, 2006, and of record in said Clerk's Office in Instrument Number 060003717, page 79.

AND BEING the same property conveyed to The Roger D. Neal Revocable Trust, dated July 30, 1993, by deed dated August 17, 2006, of record in Instrument Number 060006349, in the aforesaid Clerk's Office.

Page 5 of 8

**62**

Parcel 5:      Tax Map #: 013-5-4_AB

That certain tract or parcel of real property lying and being in the Town of Abingdon, Washington County, Virginia, such real property being more particularly described as set forth in the Deed of record in Deed Book 499, page 481, in the Office of the Circuit Court Clerk of Washington County, Virginia, to which deed reference is hereby made for a more particular description of the property conveyed.

BEING the same lots or parcels of land conveyed to Grantor by Deed dated February 28, 2005, of record in Instrument Number 050001697, in the aforesaid Clerk's Office as Parcel #: 3.

---

Parcel 6:      Tax Map #: 044-1-1B      E.C. Holmes- Pt. Tr 1, 2.00 ac
      N. Fork of Holston River

That certain tract or parcel of real property lying and being in the Town of Abingdon, Washington County, Virginia, such real property being more particularly described as set forth in the Deed of record in Deed Book 875, page 857, in the Office of the Circuit Court Clerk of Washington County, Virginia, to which deed reference is hereby made for a more particular description of the property conveyed.

BEING the same lots or parcels of land conveyed to Grantor by Deed dated February 28, 2005, of record in Instrument Number 050001697, in the aforesaid Clerk's Office as Parcel #: 6.

---

Parcel 7:      Tax Map #: 044-A-81      18209 N. Fork River Road
      Abingdon, Va 24210

That certain tract or parcel of real property lying and being in the Jefferson Magisterial District of Washington County, Virginia, such real property being more particularly described as set forth in the Deed of record in Deed Book 655, page 762, in the Office of the Circuit Court Clerk of Washington County, Virginia, to which deed reference is hereby made for a more particular description of the property conveyed.

BEING the same lots or parcels of land conveyed to Grantor by Deed dated February 28, 2005, of record in Instrument Number 050001697, in the aforesaid Clerk's Office as Parcel #: 8.

---

63

Parcel 8:        Tax Map #: 061-A-33                    35 acres from COV

That certain tract or parcel of real property lying and being in the Harrison Magisterial District of Washington County, Virginia, such real property being more particularly described as set forth in the Deed of record in Deed Book 556, page 414, in the Office of the Circuit Court Clerk of Washington County, Virginia, to which deed reference is hereby made for a more particular description of the property conveyed.

BEING the same lots or parcels of land conveyed to Grantor by Deed dated February 28, 2005, of record in Instrument Number 050001697, in the aforesaid Clerk's Office as Parcel #: 12.

Parcel 9:        Tax Map #: 012-1-62                    170 West Valley Street
                                                        Abingdon, Va. 24210

That certain tract or parcel of real property lying and being in the Town of Abingdon, Washington County, Virginia, such real property being more particularly described as set forth in the Deed of record in Instrument Number 040005811, in the Office of the Circuit Court Clerk of Washington County, Virginia, to which deed reference is hereby made for a more particular description of the property conveyed.

BEING the same lots or parcels of land conveyed to Grantor by Deed dated February 28, 2005, of record in Instrument Number 050001697, in the aforesaid Clerk's Office as Parcel #: 13.

Parcel 10:       Tax Map #: 013-1-27                    Vacant Lot at end of
                                                        White's Mill & Valley

That certain tract or parcel of real property lying and being in the Town of Abingdon, Washington County, Virginia, such real property being more particularly described as set forth in the Deed of record in Deed Book 643, page 457, in the Office of the Circuit Court Clerk of Washington County, Virginia, to which deed reference is hereby made for a more particular description of the property conveyed.

BEING the same lots or parcels of land conveyed to Grantor by Deed dated February 28, 2005, of record in Instrument Number 050001697, in the aforesaid Clerk's Office as Parcel #: 2.

Parcel 11:    Tax Map #: 044-1-1A                    E C Holmes- 2.01 ac tract
                                                     N. Fork Holston River

That certain tract or parcel of real property lying and being in the Town of Abingdon, Washington County, Virginia, such real property being more particularly described as set forth in the Deed of record in Deed Book 820, page 889, in the Office of the Circuit Court Clerk of Washington County, Virginia, to which deed reference is hereby made for a more particular description of the property conveyed.

BEING the same lots or parcels of land conveyed to Grantor by Deed dated February 28, 2005, of record in Instrument Number 050001697, in the aforesaid Clerk's Office as Parcel #: 7.

Parcel 12:    Tax Map #: 019-1-40                    Wiles Hotel property

That certain tract or parcel of real property lying and being in the Town of Abingdon, Washington County, Virginia, such real property being more particularly described as set forth in the Deed of record in Deed Book 894, page 521, in the Office of the Circuit Court Clerk of Washington County, Virginia, to which deed reference is hereby made for a more particular description of the property conveyed.

BEING the same lots or parcels of land conveyed to Grantor by Deed dated February 28, 2005, of record in Instrument Number 050001697, in the aforesaid Clerk's Office as Parcel #: 1.

**Parcel 13:**

Any and all others tracts or parcels of real property lying and being in the Town of Abingdon and/or Washington County, Virginia, which is currently titled in the sole name of Grantor and which Deed is recorded in the Office of the Circuit Court Clerk of Washington County, Virginia, it being the intent of Grantor to convey all real estate in the name of **THE ROGER D. NEAL REVOCABLE TRUST DATED JULY 30, 1993**, to the Grantees listed above.  If any property is listed in the name of *Grantor and Linda G. Neal with survivorship*, then that property is not affected by this Deed.

INSTRUMENT #090007513
RECORDED IN THE CLERK'S OFFICE OF
WASHINGTON COUNTY ON
NOVEMBER 17, 2009 AT 03:04PM

PATRICIA S. MOORE, CLERK
RECORDED BY: DHC

CLR202000253

*Deed Prepared by:*
ELY LAW GROUP, P.C.
Brian M. Ely, VSB#37370
597 East Main Street
Abingdon, Virginia 24210

| | |
|---|---|
| *Title Insurance Underwriter:* None | *Tax Map No.: see below* |
| *Consideration:* Gift | *Tax Assessed Value: n/a* |

THIS GIFT DEED, made and entered into this the 14th day of January, 2020, by and between **ABINGDON EAR, NOSE AND THROAT ASSOCIATES, P.C., PENSION AND PROFIT SHARING PLAN AND TRUST, ROGER D. NEAL, DIRECTED FUND,** by **JEFFREY G. NEAL, Trustee,** and LINDA GARDNER **NEAL,** hereinafter referred to as "Grantors", and **THE GARDNER NEAL REVOCABLE TRUST dated July 30, 1993,** LINDA GARDNER **NEAL,** Trustee, hereinafter referred to as "Grantee".

## *W I T N E S S E T H:*

THAT FOR and in consideration of the purposes of estate planning, the Grantors do hereby give and convey unto the Grantee, with covenants of **SPECIAL WARRANTY,** the following properties:

### Tax Map ##: 017-14-1 & 017-14-7

Those certain tracts or parcels of land, and improvements thereon, with all appurtenances thereunto belonging, situate, lying and being in the Town of Abingdon, Washington County, designated as **Lots Nos. One (1), Two (2), Three (3), Four (4), Five (5), Six (6), and Seven (7),** on a plat of Twin States Warehouse Property of record in the Clerk's Office of the Circuit Court of Washington County, Virginia in Plat Book 11, page 54, to which reference is made for a more particular description of the property herein.

BEING the same property conveyed to Linda Gardner Neal (one-half interest) by Deed dated August 5, 2011, of record in Instrument Number 110004082 and to Abingdon Ear, Nose and Throat Associates, P.C. Pension and Profit Sharing Plan

Page 1 of 4

and Trust, Roger D. Neal Directed Funds (one-half interest) of record Deed dated March 17, 2003, in Instrument Number 000035942, in the Office of the Circuit Court Clerk of Washington County, Virginia.

*and*

### Tax Map #: 007-2-A-26

That certain tract or parcel of land, and improvements thereon, with all appurtenances thereunto belonging, situate, lying and being in the Town of Abingdon, Washington County, Virginia, and being a part of the M. H. Honaker tract of land known as "Morningside" lying east of the Town of Abingdon and north of the Lee Highway and described as follows: Lot numbers 26, 27, 28, 29, 55, 56, 57, 58, 59 and 60 of Block "B", as shown on the plat of the M. H. Honaker land, a survey of which is in Plat Book 3, page 1-A, in the Office of the Circuit Court Clerk of Washington County, Virginia, and on the plat by L. K. Addison, L.S., dated July 6, 2006, of record in Instrument Number 070006043, to which plat references are hereby made for a more particular description of the property conveyed.

LESS and EXCEPT that conveyance to the Commonwealth of Virginia of 1,847 square feet, as set forth in Deed Book 1051, page 699, together with the permanent drainage easement, of record in the aforesaid Clerk's Office.

TOGETHER WITH that portion of Lester Street that was vacated by the Town of Abingdon as shown on the plat in Deed Book 1049, page 446, which ran along the east side of the subject property, as set forth in Deed Book 1049, page 442.

BEING the same property conveyed to E. L. Gardner (one-half interest) by Deed dated August 11, 1986, of record in Deed Book 724, page 235 and to Abingdon Ear, Nose and Throat Associates, P.C. Pension and Profit Sharing Plan and Trust, Roger D. Neal Directed Funds (one-half interest) of record Deed dated August 14, 1998, in Deed Book 1004, page 267, in the Office of the Circuit Court Clerk of Washington County, Virginia.

E. L. Gardner's undivided one-half interest is now owned by Linda Gardner Neal, as set forth in Instrument Number110004082, in the aforesaid Clerk's Office.

Jeffrey G. Neal is the Trustee of Abingdon Ear, Nose and Throat Associates, P.C., Pension and Profit Sharing Plan and Trust, Roger D. Neal Directed Fund, and has given Grantee the Trust Certification pursuant to §55-550.13 of the *Code of*

*Virginia.* Further, the Trustee certifies that he has the sole power to convey the real property held in the Trust.

Michael Christopher Neal has a Durable Power of Attorney for Linda Gardner Neal, to be recorded immediately prior to this Deed. By executing this Instrument, Michael Christopher Neal states under oath that the authority granted under the General Durable Power of Attorney has not been terminated pursuant to Section 64.2-1608 of the *Code of Virginia*, and that he has no actual knowledge or notice of revocation of said Power of Attorney or his authority to act under such Power of Attorney.

This conveyance is made subject to all existing easements, conditions, rights of way and restrictions of record as may affect the title to said property, and to matters visible upon inspection.

**IN WITNESS WHEREOF, by signature and seal**.

**ABINGDON EAR, NOSE AND THROAT ASSOCIATES, P.C.,
PENSION AND PROFIT SHARING PLAN AND TRUST,
ROGER D. NEAL, DIRECTED FUND**

By: _____ (SEAL)
        **JEFFREY G. NEAL**, Trustee

**COMMONWEALTH OF VIRGINIA
COUNTY OF WASHINGTON, to-wit:**

I, a Notary Public in and for the state and county aforesaid, do hereby certify that **JEFFREY G. NEAL**, whose name is signed to the foregoing writing, has acknowledged the same before me in my county and state aforesaid, as Trustee for the Abingdon Ear, Nose and Throat Associates, P.C. Pension and Profit Sharing Plan and Trust, Roger D. Neal Directed Fund.

Given under my hand this __14th__ day of January, 2020.

_____ (SEAL)
Notary Public  Registration #:_____
My Commission Expires: _____

Page 3 of 4

IN WITNESS WHEREOF, by signature and seal.

_____ (SEAL)

**LINDA GARDNER NEAL** by **MICHAEL CHRISTOPHER NEAL,**
her attorney in fact


STATE OF: _Va_____
CITY/COUNTY OF: _Washington_____ , to-wit:

I, a Notary Public in and for the state and county aforesaid, do hereby certify that
**MICHAEL CHRISTOPHER NEAL**, attorney in fact for **LINDA GARDNER NEAL**,
whose name is signed to the foregoing writing, has acknowledged the same before me in my
county and state aforesaid on behalf of Linda Gardner Neal.

Given under my hand this __14th__ day of **January, 2020.**

_____ (SEAL)
Notary Public. Registration #: _____
My Commission Expires: _____

Grantee's mailing address:
P. O. Box _1745_
Abingdon, Va. 24212


INSTRUMENT 202000253
RECORDED IN THE CLERK'S OFFICE OF
WASHINGTON COUNTY CIRCUIT ON
JANUARY 14, 2020 AT 04:23 PM
PATRICIA S. MOORE, CLERK
RECORDED BY: JXW


Page 4 of 4

Exhibit 9

BOOK 854 PAGE 842

THIS DEED OF GIFT, made and entered into this 30th day of December, 1992, by and between ROGER D. NEAL and LINDA GARDNER NEAL, husband and wife, hereinafter sometimes referred to as Grantors, and JAMES L. GARDNER, Trustee, hereinafter sometimes referred to as Trustee;

W I T N E S S E T H:

For and in consideration of the love and affection which Grantors have for their children, Cynthia Ann Neal, Michael Christopher Neal and Jeffrey Gardner Neal, the beneficiaries under the trust hereinafter mentioned, Grantors grant and convey unto Trustee all their right title and interest in and to those certain tracts or parcel of land hereinafter more particularly described situate in the Town of Abingdon and Washington County, Virginia:

TRACT NO. 1: All those certain tracts or parcels of land situate in the Town of Abingdon, Washington County, Virginia, and being the same as that conveyed unto Linda G. Neal (one of the Grantors herein) by deed of Abingdon Frozen Foods, Incorporated, a Virginia corporation, dated April 30, 1984, and of record in the Clerk's Office of the Circuit Court of Washington County, Virginia, in Deed Book 684, page 238.

TRACT NO. 2: All that certain tract or parcel of land lying and being on the north side of the North Fork of the Holston River in the Jefferson Magisterial District of Washington County, Virginia, being the same as that conveyed unto Grantors by deed of Edward C. Holmes and

1

BOOK 854 PAGE 843

Eleanor H. Holmes, his wife, dated August 27, 1991, and
of record in said Clerk's Office in Deed Book 820, page
889.

TRACT NO. 3: All those certain tracts or parcels of land
situate in the Town of Abingdon, Washington County,
Virginia, being the same as that conveyed unto Grantors
by deed of Margaret Smith Stubbs and Sidney J. Stubbs,
her husband, dated January 3, 1983, and of record in said
Clerk's Office in Deed Book 664, page 14.

The land hereby conveyed is transferred and conveyed to
said Trustee in his capacity as Trustee pursuant to a certain Trust
Agreement between Grantors and Trustee dated December 1, 1977.
Said Trustee shall hold said lands in accordance with the terms,
conditions, powers, and authorities set forth in said deed, but no
grantee of said real estate from said Trustee shall be required to
look to said authority of said trust instrument nor shall said
purchaser from said Trustee be required to look to the application
of the proceeds of the sale of said real estate by said Trustee.
Said Trustee shall have full authority and discretion to sell and
convey the real estate hereinabove set forth under the terms and
conditions of said trust agreement.

Some of the lands conveyed hereunder are subject to
existing deed of trust secured obligations but Grantors herein do
assume all obligations secured by said real estate and do, by this
conveyance, agree to indemnify and save Trustee and beneficiaries
under said Trust free and harmless from any and all claims which

2

BOOK 854 PAGE 844

may arise from any deeds of trust on said real estate or any part of said real estate securing the same and from any and all claims arising from any notes or obligations secured by any deed of trust on said real estate or any part thereof.

WITNESS the following signatures and seals:

_____ (SEAL)
Roger D. Neal

_____ (SEAL)
Linda Gardner Neal

STATE OF VIRGINIA

COUNTY OF WASHINGTON

The foregoing Deed of Gift was acknowledged before me this 30th day of December, 1992, by Roger D. Neal and Linda Gardner Neal.

_____
Notary Public

My commission expires: 9\30\93

VIRGINIA: IN THE OFFICE OF THE CLERK OF THE CIRCUIT COURT OF WASHINGTON COUNTY, _January 4_ 199_3_. This deed was this day presented in said office and with certificate thereto annexed admitted to record at _11:30_ o'clock _A_ M. after payment of tax imposed by Sec. 58-54.1.

Deed No.      TESTE: KATHY P. CRANE, CLERK
_21_          BY: _____ D.C.

Original Returned This Date To: _John B. Hemmings_

3

Exhibit 10

3

Tax Map No: 096-A-12
Tax Value: $N/A

**THIS DEED OF GIFT,** made this 5th day of November, 2002, between **ROGER D. NEAL** and **LINDA G. NEAL,** his wife, GRANTORS, and **ROGER D. NEAL,** Trustee of "THE NEAL FAMILY CHARITABLE REMAINDER TRUST," dated August 23, 2002, and **SHANNON MICHELLE HOLLAND,** Special Independent Trustee of "THE NEAL FAMILY CHARITABLE REMAINDER TRUST," dated August 23, 2002, GRANTEES, whose tax mailing address is ___ P.O. Box 1745, Abingdon, Virginia 24212 ___;

:WITNESSETH:

THAT FOR and in consideration of the sum of Ten Dollars ($10.00), cash in hand paid by the Grantees unto the Grantors, the receipt of which is hereby acknowledged, the said Grantors do hereby give, grant, and convey unto the Grantees with General Warranty and the English Covenants of Title, that certain tract or parcel of land, lying and being in the "Tyler (formerly Kinderhook) Magisterial District of Washington County, Virginia, on Lower Wolf Run, being a part of Tract No. 3 in the division of the Joel Kaylor land as shown on a plat of record in the said Clerk's Office in Deed Book 64, at page 46, and more particularly described as follows:

**4**

BEGINNING at a point in the center of Virginia Secondary Highway No. 616, corner to the 59.289 acre tract conveyed to McCracken; thence leaving said highway passing an iron pin at the edge of the road, N 41 51 11 W 3421.75 feet to an iron pin in the McFaddin line; thence with the McFaddin line N 85 56 32 E 80.68 feet to a blazed 24-inch hickory, N 43 33 32 E 585.61 feet to a post, N 41 41 32 E 411.21 feet to a 30-inch hickory, N 75 56 11 E 173.28 feet to a blazed 30-inch beech, N 48 32 47 E 539.68 feet to a post in a fence line, corner to what was the Cowan property; thence with lines of Cowan and Baumgardner, S 36 40 20 E 1922.04 feet to a 24-inch white walnut, S 67 52 01 E 892.50 feet to a point in the middle of Little Wolf Run Creek; thence with the center of same S 28 53 37 W 86.16 feet, S 48 52 52 W 152.98 feet, S 23 13 38 W 281.36 feet, S 43 52 32 W 208.15 feet, S 38 17 03 W 169.92 feet, S 49 11 11 W 173.58 feet, S 29 52 26 W 146.41 feet, S 17 32 06 W 159.76 feet, S 01 11 05 W 178.39 feet, S 14 40 58 96.21 feet, S 43 15 49 W 175.21 feet to a point in the center of Virginia Secondary Highway No. 616; thence with the center of said highway, S 23 57 29 W 116.98 feet, S 16 25 17 W 198.84 feet to the BEGINNING, containing 118.579 acres, more or less; being the same tract or parcel of land conveyed to RICHARD D. GARDNER and ROGER D. NEAL by WILLIAM DEE MCCRACKEN and MARY INEZ MCCRACKEN, his wife, by partition deed dated the 11th day of March, 1981, and of record in said Clerk's Office in Deed Book 640, at page 664."

TO HAVE AND TO HOLD the property with full power, right, and

5

authority hereby granted unto Grantees, and their successor
Trustees, to sell, lease, exchange, encumber and/or convey the said
property, either in whole or in part, upon such terms and
conditions and for such consideration, as Grantees may in the
discretion of Grantees deem advantageous, with the further right to
subdivide and re-subdivide said property and to dedicate such
portions thereof for public use as Grantees shall deem desirable,
together with the right to grant licenses and easements for utility
or other purposes across, over, and under said property, and
Grantees are hereby empowered to execute, acknowledge, and deliver
such deed, deeds or trust, leases and other instruments necessary
to carry out the foregoing powers, and there shall be no obligation
or liability upon purchaser or purchasers, lessee or lessees of
said property, or any part thereof, or upon any party or parties
making any loans secured by deed or deeds of trust upon said
property, or any part thereof, to see to the proper application of
the proceeds of such sale, lease, or loan.

Every deed, deed of trust, lease, or other instrument executed
by Grantees, or their successor Trustees, on behalf of the Trust
identified herein and in relation to the property described herein
shall be conclusive evidence in favor of every person claiming any
right, title, or interest thereunder that: (i) at the time of the
delivery of such instrument the Trust was in full force and effect;
(ii) that such instrument was executed in accordance with the terms
and conditions of the Trust Agreement establishing such Trust, as

COMMONWEALTH OF VIRGINIA
County of *Washington* , to wit;

        The foregoing instrument was acknowledged before me, a Notary
Public, by Linda G. Neal, this 30th day of November, 2002.

                                    _____
                                    Notary Public

        My commission expires    3-31-2005        .

                        INSTRUMENT #000031832
                RECORDED IN THE CLERK'S OFFICE OF
                        WASHINGTON COUNTY ON
                NOVEMBER 21, 2002 AT 09:00AM
                    KATHY P. CRANE, CLERK
            BY: Rhonda N Boop_____ (DC)

                    Law Offices
            Graham & Graham, P.C.   DATE/TIME STAMP   (LAST RECEIPT ENTERED)
            111 North Park Street
            Marion, Virginia 24354

2009   4490

Prepared Without Benefit of Title Search by:
        Boyle, Bain, Reback & Slayton
        420 Park Street
        Charlottesville, VA  22902-4738

Parcel ID No.      170010000

Return to: Boyle, Bain, Reback & Slayton
420 Park Street
Charlottesville, VA 22902-4738

**This Deed is exempt from recordation taxes pursuant to
Section 58.1-811A(10) of the Code of Virginia, as amended.**

THIS DEED, made this 15ᵗʰ day of July_____, 2009, by and between Cynthia A.

**NEAL**, Michael C. **NEAL**, and Jeffrey G. **NEAL**, as **TRUSTEE of THE IRREVOCABLE**

**TRUST AGREEMENT u/a/d July 1, 1993** Grantor; and **CMJ NORTH CAROLINA, LLC**, a

North Carolina limited liability company, Grantee, whose address is 702 North Buchanan

Boulevard, Durham, NC 72201.

W I T N E S S E T H :

WHEREAS, by Resignation of Trustee and Appointment of Successor Trustee dated

July 15_____, 2009 attached hereto as Exhibit A, Cynthia A. Neal, Michael C. Neal

and Jeffrey G. Neal were appointed Trustees, any two of whom may act with regard to the

below-described property only; and

WHEREAS, pursuant to the terms of the Trust, Cynthia A. Neal, Michael C. Neal and

Jeffrey G. Neal are the sole beneficiaries of the Trust; and

WHEREAS, the Grantor herein is entitled to receive not less than fifty percent (50%) of

the profits and surplus of CMJ NORTH CAROLINA, LLC, a North Carolina limited liability

company; and

WHEREAS, the Grantor has executed this deed to convey the following described

property to said Grantee;

1

NOW THEREFORE, for and in consideration of the premises, the Grantor does hereby GRANT and CONVEY with GENERAL WARRANTY and ENGLISH COVENANTS OF TITLE unto CMJ NORTH CAROLINA, LLC, all of the Grantor's right, title and interest in and to the following described property:

> All that certain lot or parcel of land with the improvements thereto belonging situated at the southeast intersection of Stadium Road and Piedmont Avenue in the City of Charlottesville, Virginia, known by present street numbering as 2320 Stadium Road, more particularly described on a physical survey of Frank A. Gregg, C.L.S., dated March 18, 1985, captioned "Northern Portion of Lot 1 of 'Maury's Addition' Co. D.B. 226 P. 528 & Part of Lot A In D.B. 101 P. 347" of record in the Clerk's Office of the Circuit Court of said City in Deed Book 461, page 826;

> AND being the same property conveyed to the Grantors by deed of Frederick T. Keyser and Alicia B. Keyser, dated May 16, 1994, of record in said Clerk's Office in Deed Book 634, page 400.

This conveyance is made expressly subject to easements, restrictions, conditions, and reservations contained in duly recorded deeds, plats, and other instruments constituting constructive notice in the chain of title to the property hereby conveyed, which have not expired by limitation of time contained therein or have not otherwise become ineffective.

WITNESS the following signatures and seals, which appear in the following three (3) counterpart signature pages:

2

CLR190005760

*Deed Prepared by:*
ELY LAW GROUP, P.C.
Brian M. Ely, VSB#37370
597 East Main Street
Abingdon, Virginia 24210

| | |
|---|---|
| *Title Insurance Underwriter: Fidelity National Title Ins.* | *Tax Map No.: See below* |
| *Consideration: $606,297.50* | *Tax Assessed Value: ½ of $1,009,600.00* |

**THIS DEED,** made and entered into this the 10th day of December, 2019, by and between **JAMES MERON WADE REVOCABLE LIVING TRUST DATED OCTOBER 2, 2015,** James Meron **Wade, Trustee,** hereinafter "Grantor", and **ABINGDON EAR, NOSE AND THROAT ASSOCIATES, P.C.,** a Virginia corporation, hereinafter "Grantee".

## W I T N E S S E T H :

**THAT FOR** and in consideration of the sum of Six-Hundred and Six-Thousand, Two-Hundred Ninety-Seven and 50/100 ($606,297.50) Dollars, the receipt of which is hereby acknowledged, the Grantor does hereby grant, bargain, sell and convey unto the Grantee, its undivided one-half interest, with covenants of **GENERAL WARRANTY** and **ENGLISH COVENANTS OF TITLE,** in the following properties:

**Parcel One:** **Tax Map #: 012-1-63;**
176 Valley Street NW, Abingdon, Va. 24210

All that certain tract or parcel of land, and improvements thereon, being at the southeastern intersection of Cummings Street and Valley Street in the Town of Abingdon, Washington County, Virginia, and more particularly described as follows:

"BEGINNING at a spike on the north side of Plumb Alley at its intersection with Cummings Street; thence along the concrete sidewalk on the eastern side of Cummings Street N 19 52 W 164.20 feet to a stake; thence N 16 33 E 8.93 feet to a spike in the south side of a brick sidewalk on Valley Street; thence along the edge of said sidewalk N 69 08 E 89.95 feet to a stake at the end of a wall on the

Page 1 of 4

south side of Valley Street; thence leaving Valley Street S 24 31 E 169.20 feet to a stake in the north side of Plumb Alley; thence along the north side of Plumb Alley S 67 48 W 108.79 feet to the point of BEGINNING".

BEING the same one-half undivided interest conveyed to James M. Wade, Trustee, of the James Meron Wade Revocable Living Trust dated October 2, 2015, by Deed dated October 14, 2015, in Instrument Number 150004675, in the Office of the Circuit Court Clerk of Washington County, Virginia.

The remaining one-half undivided interest was conveyed to the Trust dated December 30, 1992 (being the Irrevocable Trust Agreement dated December 30, 1992), whereas Roger D. Neal was appointed Trustee of said Trust, as set forth in the "Appointment of Trustee", dated January 2, 1994, in Deed Book 890, page 185, in the aforesaid Clerk's Office. Michael Christopher Neal has since been named Trustee.

and

**Parcel Two:  170 West Valley NW Street, Abingdon, Va. 24210**
**                 Tax Map #: 012-1-62**

That certain tract or parcel of real property lying and being in the Town of Abingdon, Washington County, Virginia, lying on the southern side of and adjoining Valley Street , N. W. and being designated as 170 Valley Street, NW, commonly known as the Georgia Thomas property, containing 1/4 of an acre, more or less, said land fronting sixty-eight and one-half (68 ½ feet) feet on Valley Street and bounded on the east by Gilpin (formerly O. L. James), and on the wet by the lot of Foster.

BEING the same one-half undivided interest conveyed to James M. Wade, Trustee, of the James Meron Wade Revocable Living Trust dated October 2, 2015, by Deed dated October 14, 2015, in Instrument Number 150004674, in the Office of the Circuit Court Clerk of Washington County, Virginia.

The remaining one-half interest was conveyed to the Cynthia Anne Neal Revocable Trust Agreement, the Michael Christopher Neal Revocable Trust Agreement and the Jeffrey Gardner Neal Revocable Trust Agreement, by deed dated November 16, 2009, of record in Instrument Number 090007513. Michael Christopher Neal is the Trustees for each of these three trusts.

Pursuant to §64.2-804 of the *Code of Virginia*, James Meron Wade states as sole Trustee of the **JAMES MERON WADE REVOCABLE LIVING TRUST DATED OCTOBER 2, 2015**, I have the authority to sell property held by the Trust for any purpose deemed in the best interest of the Trust. No other signatures are necessary other than verification from me that the beneficiary has directed these actions. The trust has not been revoked, modified or amended in any manner that would cause the representations contained in this certification of trust to be incorrect.

This conveyance is made subject to all existing easements, conditions, rights of way and restrictions of record as may affect the title to said property, and to matters visible upon inspection.

**IN WITNESS WHEREOF, by signature and seal.**

JAMES MERON WADE REVOCABLE LIVING TRUST
DATED OCTOBER 2, 2015

By:  James Meron Wade, Trustee

STATE OF ___Va___

CITY/COUNTY OF ___Washington___

I, the undersigned, a Notary Public in and for the state and city/county aforesaid, do hereby certify that **James Meron Wade, Trustee of the JAMES MERON WADE REVOCABLE LIVING TRUST DATED OCTOBER 2, 2015**, whose name is signed to the foregoing writing, has acknowledged the same before me in my jurisdiction aforesaid, in his capacity as Trustee.

Given under my hand this ___11th___ day of December, 2019

Notary Public. Registration #: _____

My Commission Expires: _____

[Place Notary Seal Above Line]

Page 3 of 4

Grantees' mailing address:

P.O. Box 1328
Abingdon Va. 24212

INSTRUMENT 190005760
RECORDED IN THE CLERK'S OFFICE OF
WASHINGTON COUNTY CIRCUIT ON
DECEMBER 11, 2019 AT 12:37 PM
$606.50 GRANTOR TAX WAS PAID AS
REQUIRED BY SEC 58.1-802 OF THE VA. CODE
STATE:   $303.25     LOCAL:     $303.25
PATRICIA S. MOORE, CLERK
RECORDED BY: JXW

Page 4 of 4