# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **JEFFREY G. NEAL, ETC., ET AL.,** | ) |
| Plaintiffs, | ) Case No. 1:23CV00004 |
| v. | ) **OPINION AND ORDER** |
| **MICHAEL C. NEAL, ETC., ET AL.,** | ) Judge James P. Jones |
| Defendants. | ) |

*John E. Keiffer*, John E. Keiffer, Attorney at Law, PLLC, Bristol, Virginia, for Plaintiff Jeffrey G. Neal; *J. Benjamin Rottenborn and Jamie Wood*, Woods Rogers Vandeventer Black PLC, Roanoke, Virginia, for Intervenor Linda G. Neal.

In the present case, plaintiff Jeffrey G. Neal (Jeffrey) has filed a Motion to Dismiss the Complaint in Intervention filed on behalf of Linda G. Neal (Linda) on the ground that the court lacks supplemental subject-matter jurisdiction pursuant to 28 U.S.C. § 1367(b). In addition, he asserts that Linda has failed to state a claim upon which relief can be granted. For the reasons that follow, I will deny the Motion to Dismiss.

I.

The defendants removed this case from state court based on diversity of citizenship and amount in controversy. 28 U.S.C § 1332(a). It involves an intra-family dispute over the management of certain real estate and trusts. At the time of removal, the plaintiffs were residents of Virginia. The defendants, Michael C. Neal

(Michael) and Cynthia Anne Neal (Cynthia), siblings of plaintiff Jeffrey, were residents of Michigan and North Carolina, respectively.  Linda, the mother of the three parties, and a resident of Virginia, sought permission to intervene in order to protect her interests.  The court granted her Motion to Intervene, after which Jeffrey filed the present Motion to Dismiss the Complaint in Intervention under Rule 12(b)(1) and (6) for lack of subject-matter jurisdiction and for failure to state a claim.

 Linda asserts claims against both Jeffrey, a plaintiff, and Michael, a defendant.  Jeffrey contends that § 1367(b) bars Linda, as intervenor, from asserting a claim against him based upon supplemental jurisdiction because both he and Linda are Virginia citizens.  In addition, he argues that the Complaint in Intervention fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), contending that it is too skeletal to support a valid claim.

Supplemental subject-matter jurisdiction is allowed over claims, including claims by intervening parties, where the claims are so related that they form part of the same case or controversy.  28 U.S.C. § 1367(a).  In this case, based on diversity of citizenship, Linda, an intervenor permitted under Federal Rule of Civil Procedure 24(a)(2), wishes to assert such claims against both a defendant (Michael) and a plaintiff (Jeffrey), even though Linda has the same state of citizenship as Jeffrey.  Section 1367(b) excludes supplemental jurisdiction over claims by an intervenor seeking to intervene as a plaintiff where such jurisdiction "would be inconsistent

with the jurisdictional requirements of section 1332." § 1367(b).  The issue before the court is whether that exclusion affects Linda's claim against plaintiff Jeffrey.

The Motion to Dismiss has been fully briefed and argued and is ripe for decision.

II.

Supplemental jurisdiction exists where the claim or controversy is derived from a "common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).  However, such jurisdiction is precluded over persons seeking to intervene as plaintiffs under Rule 24 when it would be inconsistent with the diversity requirements of § 1332.

I find that the intervenor here is functionally intervening as a diverse plaintiff and analyze the Motion to Dismiss in light of that finding.[1]  Although Linda has intervened under Rule 24, her intervention is not inconsistent with § 1332 because she is not joining for the exclusive purpose of suing the plaintiff as a nondiverse party and thus not attempting to circumvent the requirements of diversity.  She has intervened to join as an additional plaintiff against defendant Michael.  As an intervening plaintiff, Linda is diverse from all defendants.  In turn, she is also pursuing a crossclaim against the plaintiff, Jeffrey.

---

[1] It is the duty of the court to "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Tr. Co.*, 197 U.S. 178, 180 (1905).

There are two views on the propriety of allowing a plaintiff to assert a crossclaim against a coplaintiff. For example, in *Danner v. Anskis*, 256 F.2d 123, 124 (3d Cir. 1958), the court held that "Rule 13(g) [the crossclaim rule] does not authorize a plaintiff to state as a cross-claim against a [nondiverse] co-plaintiff a claim arising out of the transaction or occurrence which also is the subject matter of their common complaint against the defendant."

However, this view is inadequate for three reasons. First, the plain text of Rule 13(g) permits crossclaims between coparties, not just codefendants. Second, the rule should be construed liberally in order to permit supplemental jurisdiction. 20 Charles Alan Wright & Mary Kay Kane, *Federal Practice and Procedure*, § 85 n.10 (2d ed. 2011) ("[I]t is suggested that the result [of *Danner*], though the one intended by the draftsmen of the rules, is contrary to the explicit and unqualified language of Rule 13(g)"). Third, though of less significance, such an interpretation of Rule 13(g) would undercut the goals of judicial economy by mandating that claims deriving from a common nucleus of operative fact be adjudicated in a separate court.

Accordingly, I will adopt the opposite view. This view, which holds that a plaintiff may bring a crossclaim against a coplaintiff hailing from the same state, is the more accurate reading of Rule 13(g). *McDaniel v. Loya*, 304 F.R.D. 617, 620, 638 (D.N.M. 2015) ("[N]ondiverse cross-claims do not destroy federal diversity

jurisdiction…[a]lthough cross-claims are more commonly seen between defendants, a claim by a plaintiff against another plaintiff is also a cross-claim."); *Butler v. Rigsby*, No. 96-2453, 1997 WL 655928 at *1 (E.D. La. Oct. 20, 1997) (allowing plaintiffs to file crossclaim against nondiverse coplaintiff in automobile accident case). Thus, I find that the court has supplemental subject-matter jurisdiction over Linda's intervenor claims.

### III.

To survive a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Further, when "deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, *as well as documents attached or incorporated into the complaint*." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (emphasis added). Linda has incorporated the allegations from the plaintiffs' Complaint and the counterclaims into her own intervening complaint by reference. Such incorporation is sufficient to overcome a motion to dismiss for failure to state a claim.

IV.

For the foregoing reasons, the Motion to Dismiss for Lack of Jurisdiction and the Motion to Dismiss for Failure to State a Claim, ECF Nos. 66 and 67, are DENIED.[2]

It is so **ORDERED**.

ENTER: October 30, 2023

/s/  JAMES P. JONES
Senior United States District Judge

---

[2] Two copies of the Motion to Dismiss are filed on the docket, but they are identical.