# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| *JEFFREY G. NEAL*, et al. )<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>*MICHAEL C. NEAL*, et al. )<br>)<br>Defendants. ) | Case No. 1:23-cv-00004 |

### *PLAINTIFFS' PROPOSED JURY INSTRUCTIONS*

Pursuant to the Court's scheduling order, the Plaintiffs Jeffrey G. Neal, *et al.*, ("Jeffrey") submit the following proposed jury instructions:

1. In this case, the beneficiaries of various trusts have brought claims against their trustees for breach of duty in their actions as trustee. A trust is a fiduciary relationship with respect to property, that imposes duties on the trustee who holds title to the property for the benefit of a beneficiary of the trust.[1]

---

[1] *Boyle v. Anderson*, 301 Va. 52, 57, 871 S.E.2d 226, 228 (2022); *Jimenez v. Corr*, 288 Va. 395, 410, 764 S.E.2d 115, 122 (2014).

2. The trustee is the legal owner of the property held in trust. When a trustee acts with respect to the property he holds as trustee, he is subject to a fiduciary duty.[2]

---

[2] Colorado Model Instructions, 26:2 FIDUCIARY RELATIONSHIP — DEFINED

      3.      The trustee's fiduciary duties include a duty of loyalty. A trustee shall administer the trust solely in the interests of the beneficiary, and not for himself.[3]

---

[3] Va. Code § 64.2-764.

      4.      On each of these claims for breach of duty, it is for you to determine whether the trust violated his fiduciary duties to the trust beneficiary. If you find that a trustee violated his fiduciary duties to a beneficiary with respect to the property Michael held as trustee, then you must determine what damages, if any, were proximately caused by such acts or omissions constituting the breach of duty.[4]

---

[4] 3 Fed. Jury Prac. & Instr. § 123:31 (6th ed.).

5.  A trustee who commits a breach of fiduciary duty is liable to the beneficiary is liable to the beneficiaries affected for the greater of: (1). The amount required to restore the value of the trust property to what they would have been had the breach not occurred; or (2). The profit the trustee made by reason of the breach.[5]

---

[5]  Va. Code § 64.2-793(A).

      6.      Punitive damages may be awarded for breach of fiduciary duty if the breach was done with malice or wantonness.[6]

---

[6] *Simbeck, Inc. v. Dodd Sisk Whitlock Corp.*, 257 Va. 53, 58, 508 S.E.2d 601, 604 (1999)

7.       If you find that a beneficiary is entitled to be compensated for his or her damages, and if you further believe by the greater weight of the evidence that the trustee acted with actual malice toward the beneficiary or acted under circumstances amounting to a willful and wanton disregard of the beneficiary's rights, then you may also award punitive damages to the beneficiary to punish the trustee for his actions and to serve as an example to deter him and others from acting in a similar way.[7]

---

[7]      Virginia Model Jury Instructions – Civil, No. 9.080.

8. Michael Neal, Cynthia Neal, and Linda Neal have brought claims of conversion against Jeffrey Neal. Conversion is the wrongful exercise or assumption of control over another's possession or property that deprives the owner of that property, or any act of control over another person's property that is against or inconsistent with the owner's right to an item. If you find that Jeffrey Neal exercised control over property owned by Michael or Cynthia in a way that deprived the owner of that property or that was inconsistent with ownership of the property, then you must find Jeffrey Neal committed conversion.[8]

---

[8] *Johns v. Stillwell*, Case No. 3:07-cv-00063 (W.D. Va.), ECF No. 107, Instruction No. 9.

9. Michael Neal has brought a claim of fraud against Jeffrey Neal. Fraud is a misrepresentation of material fact, knowingly and intentionally made, with the intent to mislead another person, which that other person relied upon with the result that he was damaged by it.[9]

---

[9] Virginia Model Jury Instructions – Civil, No. 39.000.

10. The fraud must relate to a present or a pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events. If a defendant makes a promise that, when made, he has no intention of performing, that promise is considered a misrepresentation of present fact and may form the basis for a claim of actual fraud.[10]

---

[10] *Bhutta v. DRM Constr. Corp.*, Case No. 3:22-cv-00288 (RCY), 2023 WL 3006591, at *4 (E.D. Va. Apr. 19, 2023) (citing cases).

11. The burden on Michael when charging fraud is to prove it by clear and convincing evidence, which is a higher burden than the preponderance of the evidence.[11]

---

[11] Virginia Model Jury Instructions – Civil, No. 39.070.

12. Michael Neal and Cynthia Neal have brought claims against Jeffrey Neal for breach of express contract. In response, Jeffrey has claimed that performance was impossible. To prove the defense of impossibility of performance, a defendant must prove: (1) the unexpected occurrence of an intervening act; (2) such occurrence was of such a character that its non-occurrence was a basic assumption of the agreement of the parties; and (3) the occurrence made performance impracticable.[12]

---

[12] *Clark v. Stanley Furniture Co., LLC*, 566 F. Supp. 3d 527, 535–36 (W.D. Va. 2021).

13. Michael Neal has brought a claim against Jeffrey Neal for breach of implied contract. When a party requests another person to perform services, the law implies a promise to pay the reasonable value of those services in the absence of agreement as to price.[13]

---

[13] Virginia Model Jury Instructions – Civil, No. 45.230.

14. A volunteer who performs services for another without any promise, express or implied, of compensation therefor, cannot recover for those services.[14]

---

[14] *Mullins v. Mingo Lime & Lumber Co.*, 176 Va. 44, 51, 10 S.E.2d 492, 494 (1940).

15. Cynthia Neal has brought a claim against Jeffrey Neal for unjust enrichment. The elements of an unjust enrichment claim are: (1) that the claimant conferred a benefit on the defendant; (2) that the defendant knew of the benefit and should reasonably have expected to repay the claimant; and (3) that the defendant accepted or retained the benefit without paying for its value."[15]

---

[15] *McDonald v. Wells Fargo Bank*, Case No. 1:24-CV-110 (PTG/IDD), 2024 WL 4336606, at *5 (E.D. Va. Sept. 27, 2024) (citing cases).

16. Cynthia Neal as trustee has made a claim for unpaid rent on the property at 170 Valley Street, N.W., and 176 Valley Street, N.W. In response, Jeffrey Neal and the corporate defendant Abingdon ENT have claimed that they are entitled to an offset or recoupment of valid expenses that they have expended on the properties. You are instructed that a tenant is entitled to recoup or setoff necessary and reasonable costs for improvements and like expenses, that it has not otherwise agreed to pay under the lease, against its obligation to pay rent where an action is brought against the tenant to recover rent.[16]

---

[16] For Cases discussing the right to recoup expenses in an action to recover rent, see *e.g.*, *Echeverria v. Holley*, 2016 PA Super 119, 142 A.3d 29, 35 (2016); *Quincy Mall, Inc. v. Kerasotes Showplace Theatres, LLC*, 388 Ill. App. 3d 820, 826, 903 N.E.2d 887, 892 (2009); *Katurah Corp. v. Wells*, 115 Misc. 2d 16, 17, 454 N.Y.S.2d 770, 771 (App. Term 1982); *Borochoff Properties, Inc. v. Creative Printing Enterprises, Inc.*, 233 Ga. 279, 279, 210 S.E.2d 809, 810 (1974).

JEFFREY NEAL, *et al.*

Plaintiffs

By:   s/ Steven R. Minor
        Counsel

Counsel:

John E. Kieffer, No. 14599
John E. Kieffer, Attorney at Law, PLLC
1934 Euclid Avenue
P.O. Box 2125
Bristol, VA 24203-2125
Tel: (276) 466-5522
Fax: (276) 466-2124
Email: jekpc@bvu.net

Steven R. Minor, No. 30496
ELLIOTT LAWSON & MINOR, PC
230 Piedmont Avenue, Suite 300
Bristol, VA 24201
Tel: (276) 466-8400
Fax: (276) 466-8161
Email: sminor@elliottlawson.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of October, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following:

Timothy E. Kirtner
Gilmer Sadler Attorneys
65 E. Main Street, 2nd Floor
P.O. Box 878
Pulaski, VA 24301
Email: tkirtner@gsish.com
Counsel for Michael Neal

James C. White
J.C. White Law Group, PLLC
100 Europa Drive, Ste 401
Chapel Hill, NC 27517
Email: jwhite@jcwhitelaw.com
Counsel for Cynthia Anne Neal

Michael E. Derdeyn
M. Hunter Rush
Flora Pettit PC
P.O. Box 1287
Harrisonburg, VA 22803
Email: med@fplegal.com
Email: mhr@fplegal.com
Counsel for Cynthia Anne Neal

Anthony D. Taibi
The Taibi Law Group, PLLC
3710 University Dr, Ste 110
Durham, NC 27707
taibi@tlgnc.com
Counsel for Cynthia Anne Neal

J. Benjamin Rottenborn
Jamie Wood
Woods Rogers Vandeventer Black PC
P.O. Box 14125
Roanoke, VA 24038-4125
Email: brottenborn@woodsrogers.com
Email: Jamie.wood@wrvblaw.com
Counsel for Linda G. Neal, Intervenor

By: <u>  s/ Steven R. Minor        </u>
     Counsel