CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

October 14, 2024

LAURA A. AUSTIN, CLERK
BY:  s/ FELICIA CLARK
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | | |
|---|---|---|
| **JEFFREY G. NEAL, ETC., ET AL.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:23CV00004 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MICHAEL C. NEAL, ETC., ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Argued:   John E. Kieffer, ATTORNEY AT LAW, PLLC, Bristol, Virginia, and Steven R. Minor, ELLIOTT, LAWSON & MINOR P.C., Bristol, Virginia, for Plaintiffs; Timothy E. Kirtner, GILMER, SADLER, INGRAM, SUTHERLAND & HUTTON, Pulaski, Virginia, for Michael C. Neal; James C. White, J.C. WHITE LAW GROUP PLLC, Chapel Hill, North Carolina, for Cynthia A. Neal; J. Benjamin Rottenborn and Jamie Wood, WOODS ROGERS VANDEVENTER BLACK PLC, Roanoke, Virginia, for Linda G. Neal.*

This case involves an intra-family dispute over the estate of Roger D. Neal. Dr. Neal passed away in 2011 and was survived by his wife Linda, and his children Jeffrey, Michael, and Cynthia, all of whom are parties to this suit.  Jeffrey and his medical practice, Abingdon Ear, Nose & Throat, P.C., which I will refer to as Abingdon ENT, originally filed their Complaint in state court in Virginia before it was removed to this Court based on diversity of citizenship and amount in controversy.[1]  The plaintiffs brought claims against Michael and Cynthia, both in

---

[1]   28 U.S.C. § 1332. The parties agree that Virginia substantive law applies.  *Erie R.R. v. Tomkins,* 304 U.S. 64 (1938).

their individual capacities and as trustees and beneficiaries, seeking a partition of jointly owned property, removal of Michael as a trustee, the imposition of a constructive trust, an accounting from Cynthia, and compensatory and punitive damages.

Michael then filed a counterclaim. Michael brought claims for conversion and fraud against Jeffrey and Abingdon ENT and for breach of contract and unjust enrichment against Jeffrey. Cynthia filed a counterclaim and a crossclaim, bringing claims for the removal of Jeffrey and Michael as trustees, the appointment of a special fiduciary or receiver, fraud and breach of fiduciary duty against Jeffrey, unjust enrichment and the imposition of a constructive trust and breach of contract against Jeffrey and Abingdon ENT, conversion against Jeffrey, and the repayment of a loan made by one of the Neal family trusts. Lastly, Linda intervened and brought claims for the removal of Jeffrey and Michael as trustees, breach of fiduciary duty against Jeffrey and Michael, and separate claims for conversion against Jeffrey and Michael.

This opinion resolves certain of the pending pretrial motions.

I.

Jeffrey has filed a motion to dismiss or stay one of the claims of Cynthia and Michael on the ground that a similar claim is pending in a suit filed by Cynthia against Jeffrey in the United States District Court for the District of Colorado, *Neal*

*v. Neal*, No. 1:22-cv-03254.  As acknowledged by the parties, the Colorado case was filed first on December 19, 2022.  The present case was filed on January 9, 2023, in the Circuit Court of Washington County, Virginia, before being removed to this Court on February 3, 2023.  Ordinarily, when multiple suits are pending in different federal courts on the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed.  This principle of judicial comity among coequal federal courts is often referred to as the first-to-file rule.  Invoking the rule is an equitable, case-by-case, discretionary determination.  Courts have considered three factors to determine sufficient similarity: (1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake.  *Harris v. McDonnell*, No. 5:13cv00077, 2013 WL 5720355, at *3 (W.D. Va. Oct. 18, 2013).

Upon my review of the Colorado case, and in particular the district judge's recitation of the nature of the claims at issue as set forth in his recent summary judgment ruling, there is substantial similarity.  As here, Cynthia argues in the Colorado case that she and Michael provided funds from family trust property to purchase a residence in Colorado to be owned by all of the siblings, and instead Jeffrey took title to the property in his name, allegedly because Colorado law would not permit the joint type of ownership contemplated.  In the Colorado case, as here, Cynthia claims damages in the nature of lost family money.

Because of this similarity, and because no party will be prejudiced by a stay of this claim, I will grant Jeffrey's motion and stay any claim in this action that involves the purchase of the Colorado residence by Jeffrey, including any claim for damages resulting from such purchase, such as the use of family funds to the detriment of Cynthia or Michael. While Michael is not a party to the Colorado action, his claim in this case and Cynthia's in the Colorado case are substantially the same.

## II.

In their Motion for Summary Judgment against Cynthia, Jeffrey and Abingdon ENT argue that there is no issue of material fact with respect to several of Cynthia's claims.

## A.

The counterclaim defendants take issue with Cynthia's fifth counterclaim. Jeffrey and Abington ENT argue that Cynthia cannot have a constructive trust imposed on property belonging to them as she cannot prove the property was acquired by fraud. In response, Cynthia states she has not brought claims for fraudulent misrepresentation or fraud. She argues that a constructive trust is an appropriate remedy since Jeffrey breached his fiduciary duty by withholding rent owed to the Family Trust and/or the Cynthia Neal Revocable Trust. She alleges that Jeffrey used this money to make mortgage payments on a property he solely owns

and that he refinanced properties owned by his siblings to purchase property interests in the name of Abingdon ENT.

Under Virginia law, a property does not need to be acquired by fraud or misrepresentation for a constructive trust to be imposed. A constructive trust can be created where property has been fairly and properly acquired, but it is contrary to the principles of equity that it should be retained, at least for the acquirer's own benefit. *Legal Servs. Corp. v. Client Centered Legal Servs. of Sw. Va., Inc.*, 217 F. Supp. 2d 706, 714 (W.D. Va. 2002) (citing *Leonard v. Counts*, 272 S.E.2d 190, 195 (1980)); *see also Greenspan v. Osheroff*, 351 S.E.2d 28, 36–37 (1986) ("[A constructive trust] may arise from breach of a fiduciary duty as well as from actual fraud or unconscionable conduct amounting to constructive fraud."). As a constructive trust can be imposed on property that was not fraudulently acquired and may be imposed based on a breach of fiduciary duty, the counterclaim defendants' argument as to Cynthia's fifth counterclaim necessarily fails. Furthermore, evidence presented by Cynthia creates a genuine dispute of fact regarding self-dealing by Jeffrey. Summary judgment is accordingly denied as to Cynthia's fifth counterclaim.

B.

Second, Jeffrey and Abington ENT argue that Cynthia's eighth counterclaim seeking repayment of loans made to the Neal Children's Irrevocable Trust is

unenforceable under the Virginia Statute of Frauds. Va. Code. Ann. § 11-2. They state that both loans are not evidenced by writings and that Cynthia's loan of $34,162 is barred by a three-year statute of limitations. Va. Code Ann. § 8.01-246(A)(4). The counterclaim defendants also contend that there is no allegation that the loans were defaulted, and that the relief requested is not against a defendant to the current suit. Cynthia argues that the funds she contributed to the family trusts should be treated as a loan. She also states that her email noting a $5,000 "family loan" and written confirmation from Victor Risclit, the family's accountant, satisfy the statute of frauds and that part performance estops Jeffrey and Abingdon ENT's defense.

Virginia's Statute of Frauds requires a writing signed by the party to be charged when there is an agreement or promise to lend or extend credit in an aggregate amount of $25,000 or more. Va. Code. Ann. § 11-2(9). As Cynthia seeks recovery of $144,162 plus accrued interest at a rate of ten percent per annum in compound interest, the statute of frauds applies. Cynthia solely relies on the email as evidence of a writing, but the email is not signed by Jeffrey or any other party that would be charged with repaying the loans and it therefore cannot satisfy the statute of frauds.

In addition, to invoke the defense of part performance, Cynthia must show that "(1) the parol agreement relied on is certain and definite in its terms, (2) the acts proved in part performance refer to, result from, or were made in pursuance of the

agreement, and (3) the agreement was so far executed that a refusal of full execution would operate a fraud upon the party, and place him in a situation which does not lie in compensation." *Moorman ex rel. Moorman v. Blackstock, Inc.*, 661 S.E.2d 404, 412 (Va. 2008) (cleaned up and citation omitted). Cynthia has not presented evidence of certain and definite terms. She states that the loan was payable on demand and that she is owed a ten percent interest rate, but she presents no evidence that the parties agreed to these terms. Cynthia provides a quote from Jeffrey's deposition, but it only discusses Michael's debts and funds relating to the property in Aspen, not Cynthia's loans of $110,000 and $34,162 to the Neal Children's Irrevocable Trust. I will therefore grant summary judgment as it relates to Cynthia's eighth counterclaim.

## C.

Third, Jeffrey and Abingdon ENT argue that Cynthia cannot assert claims with respect to the properties located at 650 and 551 Main Street and 126 and 128 Russell Road in Abingdon. Cynthia replies that the counterclaim does not seek damages relating to these properties, and I agree. The motion for summary judgment is therefore denied as to this claim.

## D.

Lastly, Jeffrey and Abington ENT take issue with Cynthia's seventh counterclaim for conversion. Cynthia concedes that her conversion claim is properly

brought by Linda and agrees that it should be dismissed without prejudice. Accordingly, I will grant summary judgment as it relates to Cynthia's seventh counterclaim.

III.

Jeffrey and Abingdon ENT have also filed a Motion for Summary Judgment against Michael. Jeffrey and Abington ENT assert arguments relating to the Colorado property and its funding, including the statute of limitations. Because claims involving the Colorado property are stayed, no resolution of these arguments is appropriate.

Jeffrey and Abington ENT do take issue with Counterclaim B, Counts I and II for breach of contract, implied contract, and unjust enrichment against Jeffrey. Michael seeks payment and reimbursement for his work managing the Neal family properties. Jeffrey and Abingdon ENT argue that any costs incurred prior to three years before the suit was filed are barred by the statute of frauds and the statute of limitations. In response, Michael contends that there exists an implied contract between him and Jeffrey and that the right of action accrued when the breach of contract occurred.

Disputes of fact remain as to when an implied contract was breached and what writings Michael can present to satisfy the statute of frauds. Therefore, I will deny the motion for summary judgment.

IV.

Jeffrey and Abington ENT have also filed a Motion for Summary Judgment as to claims by Linda.

First, Jeffrey and Abington ENT argue that Linda's claim for conversion against Jeffrey, Count I, fails because Jeffrey does not contest Linda's ownership of the gold, silver, and coins kept by him.  In response, Linda argues that Jeffrey continues to exercise dominion or control over the metals by keeping them in his safes.  Because there are disputed issues of fact, summary judgment as to Linda's claim for conversion will be denied.  However, because I find this to be an equitable claim by Linda, I will remove it from the jury's consideration.

The Seventh Amendment provides that in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.  "Suits at common law" refers to suits in which legal rights are to be ascertained and determined, in contradistinction to those where equitable rights alone are recognized, and equitable remedies are administered. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (citation omitted).  To determine whether an action involves legal rights, the remedy sought is examined to determine whether it is legal or equitable in nature.  "The second inquiry is the more important in our analysis." *Id.* at 565.  As to the first element, "[a]ctions for conversion are based upon the common law action of trover and

conversion, in which damages were recoverable for the wrongful interference with or detention of the foods of another."  Moore's Federal Practice § 38.30[1][b] (3d ed. 2023).  As for the second element, Linda seeks equitable relief in the form of an order that the precious metals be returned to her by Jeffrey.  In *SCO Group, Inc. v. Novell, Inc.*, the court found that a claim for conversion was equitable in nature given the type of relief sought and the limited issues remaining for trial.  No. 2:04CV139DAK, 2007 WL 2684537, at *5 (D. Utah Sept. 7, 2007).  The court and the parties acknowledged that although conversion was historically an action at law, the grant of restitution was a historic equitable remedy.  Therefore, even though conversion is historically an action at law, given the equitable remedy sought and the factually and legally distinct conversion claim, Linda is not entitled to a jury trial as to her conversion claim.

Jeffrey and Abingdon ENT also contend that Linda cannot bring a claim for breach of fiduciary duty as to 170 and 176 Valley Street in Abingdon, Virginia, because she lacks an ownership interest in the properties.  Linda agrees that she does not have such an ownership interest and that her claim may not be based on actions Jeffrey took with respect to the Valley Street properties.  I will therefore grant summary judgment as Linda's claim for breach of fiduciary duty as it relates to the 170 and 176 Valley Street properties.

V.

Michael has filed a Motion for Partial Summary Judgment against Jeffrey. First, Michael argues that summary judgment should be granted as to Jeffrey's claims to recover funds received by Michael from real estate closings in November 2014 and January 2017. Michael maintains that the trusts affected by these closings, through which Jeffrey, Michael, and Cynthia held title to various properties (the siblings' trusts), are not subject to the Virginia Trust Code. Va. Code Ann. § 64.2-700(A)(1). He argues that these trusts are excluded because they are "primarily used for business, investment or commercial transactions." *Id*. In response, Jeffrey states that the siblings' trusts are subject to the Uniform Trust Code, which was adopted in Virginia, because they are classic estate-planning trusts that do not fall under the definitions of the excluded trusts.

The Virginia Business Trust Act "governs domestic and foreign business trusts in Virginia." *Williams v. Equity Holding Corp.*, 498 F. Supp. 2d 831, 844 (E.D. Va. 2007). Although Michael argues to the contrary, "[i]t is well-settled that a business trust is more than simply a trust that carries on business." *Id*. at 845 (internal quotation marks and citation omitted). A business trust is defined in Va. Code Ann. § 13.1-1201 as an unincorporated business, trust, or association that:

1. Is governed by a governing instrument under which:

    a. Property is or will be held, managed, administered, controlled, invested, reinvested, or operated by a trustee for the benefit of persons as are or may become entitled to a beneficial interest in the trust property; or

    b. Business or professional activities for profit are carried on or will be carried on by one or more trustees for the benefit of persons as are or may become entitled to a beneficial interest in the trust property; and

    2. Files articles of trust under § 13.1-1212.

Va. Code Ann. § 13.1-1201. In *Williams*, the court also examined factors such as whether the beneficiaries had significant management and control of the trust, there were no attempts to comply with state law recording requirements for business trusts, and if the trust lacked employees or a business office. As stated by Jeffrey, the siblings' trusts lack the indicia of business trusts. The trusts were created by gifts of real property from Roger. They were managed largely by the Neal siblings, not by dedicated employees. Additionally, there is no indication that articles of trust have been filed for any of the siblings' trusts. Summary judgment is accordingly denied.

Michael also argues that because the Virginia Trust Code is inapplicable to the siblings' trusts, Jeffrey's claims relating to the trusts are barred by the statute of limitations for common law fraud and breach of fiduciary duty. In response, Jeffrey states that the claims involving the certain real estate transactions are timely under Va. Code Ann. § 64.2-796(C), which provides a five-year statute of limitations. He argues that section 64.2-796(A), which gives a one-year limit for commencing a

proceeding against a trustee, does not apply because Michael did not notify his siblings of the one-year limitations period in his report and letter. Lastly, Jeffrey argues that Michael's letter and email admitting to his indebtedness constitute new written contracts that satisfy the statute of frauds and provide a five-year limitation for bringing suit.

It is true that section 64.2-796(A) sets a one-year limit for commencing an action if the report sent to the beneficiary "adequately disclosed the existence of a potential claim for breach of trust and informed the beneficiary of the time allowed for commencing a proceeding." Va. Code Ann. § 64.2-796(A). If subsection A does not apply, "a judicial proceeding by a beneficiary against a trustee for breach of trust shall be commenced within five years" after the occurrence of a triggering event. Va. Code Ann. § 64.2-796(C). I do not find that there is a statute of limitations issue that bars Jeffrey's claims for breach of trust.

## VI.

There are also arguments in the summary judgment motions regarding attorney's fees, interest rates, punitive damages, and purely equitable remedies, such as constructive trusts. I will reserve decision on these issues pending determination of the jury instructions or the jury's verdict.

## VII.

It accordingly **ORDERED** as follows:

1.  Plaintiffs' Motion to Stay or Dismiss Certain Counterclaims, ECF No. 112, is GRANTED and any claims relating to the Aspen, Colorado, property, including those as to its financing, are STAYED until further order of the Court and are excluded from consideration by the jury in this case;

2.  Jeffrey's and Abingdon ENT's Motion for Summary Judgment Against Claims of Cynthia A. Neal, ECF No. 114, is GRANTED in part and DENIED in part;

3.  Jeffrey's and Abingdon ENT's Motion for Summary Judgment Against Claims of Michael Neal, ECF No. 116, is DENIED;

4.  Michael's Motion for Partial Summary Judgment, ECF No. 117, is DENIED; and

5.  Jeffrey's and Abingdon ENT's Motion for Summary Judgment Against Claims of Linda Neal, ECF No. 119, is GRANTED in part and DENIED in part.

ENTER:  October 14, 2024

/s/  JAMES P. JONES
Senior United States District Judge